MAHON v. COOLEY *et al.*

| | |
|---|---|
| 36 | 479 |
| 84 | 56 |
| 36 | 479 |
| 93 | 676 |
| 36 | 479 |
| 97 | 472 |
| 36 | 479 |
| 138 | 621 |

1. **Statute of limitations: NEW PROMISE OR ADMISSION.** To review a cause of action barred by the statute of limitations, by a written admission to pay, it is not necessary that the name of the party to whom it is made should appear therein. It is enough that it was intended for the benefit of the holder of the note.

2. —— EFFECT ON MORTGAGE: HUSBAND AND WIFE. Such an admission by the debtor will be sufficient to bind the property mortgaged for the security of the debt.

3. —— This rule was applied where the debtor was the husband, where the mortgage was on the homestead, and the wife did not join in the admission.

Mahon v. Cooley.

*Appeal from Monroe District Court.*

TUESDAY, JUNE 4.

ACTION in chancery for the foreclosure of a mortgage given to secure a promissory note dated September 22, 1858, due one day after date, and payable to the order of Samuel Hebered, with interest at ten per cent per annum. The mortgage was executed September 25, 1858, to the payee of the note, and conveys eighty acres of land, described as to separate tracts of forty acres each, and the promissory note, which it purports to secure, is described therein as bearing date September 20, 1858, and due in two years. The petition alleges that such description is a mistake, and that the mortgage was in fact intended to secure the note in suit, which, through oversight, was not correctly set out therein. The note is averred to be the plaintiff's property.

It is also alleged that the enforcement of the note and mortgage is not barred by the statute of limitations, the cause of action having been revived by a written admission and promise signed by defendant, Dennis Cooley, which is set forth in the following words : "I, Dennis Cooley, admit that a note, of which the following is a copy, viz., [giving the same,] is wholly unpaid, and I hereby promise to pay the same November 2d, 1870. (Signed)                    his
DENNIS X COOLEY."
mark

The petition is sworn to.

The answer of defendants sets up the following defense :

1. The action is barred by the statute of limitation.

2. Defendants are husband and wife, and the land conveyed by the mortgage is their homestead; that defendant Mary not having united with her husband in the execution of this instrument, which plaintiff claims revives the action on the note, the action, so far as the foreclosure of the mortgage on the homestead is concerned, is not revived but is still barred by the statute.

3. The party then holding the note undertook and offered at the time the admission was signed, in consideration thereof, to credit upon and discharge the note of the interest due thereon.

4. The defendants, at the time of the execution of the mortgage, did not intend the same should cover their homestead, but that other lands owned by them should be conveyed. By mistake the homestead of the defendants was described in the mortgage instead of the other lands. The mistake, if it is proved, may, by proper decree, be corrected, and the answer is for that purpose and to that extent made a cross-bill. The allegations of the answer, so far as it is to be taken as a cross-bill, are denied. The other pleadings as well as the answer are under oath.

The issues were tried by the second method, and a decree rendered foreclosing the mortgage, with a personal judgment against Dennis Cooley for the amount of the note, principal and interest. Defendants appeal.

*Yocum & Robb* and *Hammond & Briggs* for the appellant.

*Perry & Townsend* for the appellee.

BECK, Ch. J. — I. This cause, having been tried by the second method, in the district court, is here for trial on the errors assigned upon the record, and not for trial *de novo*. Rev., § 2999, p. 3. This court will exercise presumptions to support the findings of fact by the court below, and will not disturb the decision unless there appears to be such an utter absence of proof as will warrant the conclusion that the judgment was the result of passion, prejudice or partiality. This rule is announced in repeated decisions of this court, and under it we can do no otherwise than sustain the conclusions reached by the court upon the facts of the case. There is, upon some points, a conflict of evidence which the district court, having the witnesses before it, was better able to de-

termine than we can be, without that aid in weighing the testimony. Other facts were established by preponderance of the evidence; and one, the incorrect description of the note, as set out in the mortgage, through mistake, is not denied in the answer. Further consideration of the objection made by defendant, that the findings of the court are contrary to the evidence, is not demanded.

II. Several other questions are presented separately for our consideration by defendants' counsel. They may be resolved into these two: 1. Is the written instrument set out in the petition, and given in evidence upon the trial to establish the revival of the cause of action after the same was barred by the statute, sufficient for that purpose? 2. Did the revivor of the cause of action, considering the writing sufficient for that purpose, operate to preserve the lien of the mortgage upon the homestead of defendants? We will proceed to consider the questions of law thus presented.

It is insisted by defendants that the promise and acknowledgment is insufficient to revive the cause of action because no party, to whom the promise was made, is named therein, and it was, in fact, made to no one who had an interest in the claim.

Regarding the instrument as an admission that the debt is unpaid we are of the opinion that the name of the party to whom it is made is not necessary to appear therein. The statute provides that an admission or new promise in writing will revive the cause of action when barred by the expiration of the time limited for the commencement of suits. Rev., § 2751. Both are not required; the admission alone is sufficient. It is not regarded as a contract, but is simply a written declaration that the debt is not paid. It is unnecessary that the name of the party to whom it is made should appear therein. The object of the law is to secure written evidence, attested by the signature of the debtor, that the debt is not paid. This is accomplished by a written admission, although it does not show to whom it is made.

We do not find it necessary to inquire whether such an

instrument, if given by the debtor to a mere stranger, would be binding. The record before us shows that the admission, executed by defendant, Dennis Cooley, was delivered by him to one who, at the time, had the note in his possession, and who prepared the admission for his signature. The possession of the note, in the absence of other evidence upon the subject, and this is the condition of the record, raises the presumption that the party in whose hands it was found had an interest therein as the holder, or that he was the agent of the holder. The preparation and acceptance of the admission sufficiently establishes his assent thereto, and that it was intended by the debtor for the benefit of the holder of the note.

III. The next question for our consideration involves the power of the husband, by reviving the cause of action without the concurrence of the wife, to keep alive the lien of the mortgage upon the homestead after the expiration of the period of limitation. Defendants' counsel insist that the instrument under which the revivor is claimed to be effective for that purpose, so far as the homestead is concerned, should have been signed by the wife as well as by the husband. We will consider the question and the position of counsel briefly.

The mortgage was executed to secure the debt of which the note is evidence, and its lien is not released until payment or other discharge. The evidence of the indebtedness may be changed, or it may be transferred to other parties, yet, the mortgage will follow it and will be valid as long as the debt can be enforced. It is then but an incident of the debt; its existence is measured and prolonged by the life of the debt. These are familiar doctrines that do not require for their support the citation of authorities. Whatever may be the wife's interest in the homestead, she conveyed it by the mortgage to secure the debt, and it follows from the foregoing rules that the mortgage will bind her interest until the debt be discharged. But the operation of the statute of limitation is not to discharge the debt; it simply bars the remedy. *Norris* v. *Laughlin*, 1 G. Gr. 338; *Penly* v. *Waterhouse*, 3 Iowa, 415.

The remedy is cut off by the statute; it is restored by the admission. In neither case is the debt itself affected. The language of Revision, § 2751, supports this conclusion. It is in these words: "Causes of action founded on contracts are revived by an admission that the debt is unpaid, as well by a new promise to pay the same." In the case of an admission there is no contract supporting the debt but the old one; the admission does not create the debt; it simply restores a right of action.

Now, the wife was not a party to the contract creating the debt which the mortgage was given to secure; why must she be a party to an act which revives the remedy? Her contract in the mortgage related to the security of the debt, and it would be unreasonable to hold that such security would cease while the debt subsists.

But counsel find, in their opinion, support for their position in the last clause of the section just quoted, which is as follows: "But such admission or new promise must be in writing, signed by the party to be charged therewith." It is argued that as the wife is charged by the admission she must be a party thereto. But the premise upon which the conclusion is based is not true. The wife is not charged by the admission. It will not be pretended that she is charged by the original contract. That bound her husband alone; yet, her property — her homestead — was given as security for its performance. The admission simply revives the remedy for the debt, to secure which she had executed the mortgage; it in no way affects her or binds her. She became bound when the mortgage was executed, and, as the debt was never paid, she has not been discharged.

The judgment of the district court is

Affirmed.