Ayres v. Bane.

## AYRES v. BANE.

1. **Evidence:** LETTER WRITTEN ON SUNDAY. An admission that a debt is unpaid, contained in a letter written on Sunday, is sufficient to remove the bar of the statute of limitations, and the letter is admissible for that purpose.

2. **Practice in the Supreme Court:** OBJECTION TO EVIDENCE. An objection to the admission of evidence, not made in the court below, will not be entertained in the Supreme Court.

3. **Practice:** QUESTIONS OF LAW AND OF FACT. Where a cause is tried by the court, without a jury, it is for the court to determine whether a given question be one of law or fact; but a decision, correct in its conclusions, will not be disturbed because the one is confounded with the other.

*Appeal from Marion Circuit Court.*

WEDNESDAY, OCTOBER 7.

ACTION upon a promissory note; defense, the suit is barred by the statute of limitations. The cause was submitted to the court without a jury. Judgment for plaintiff. Defendant appeals. The action was originally brought in the name of Collins, Adm'r, and has before been in this court. See 34 Iowa, 386. After it was remanded, the former administrator having been discharged, the present plaintiff was substituted.

*Anderson & Collins,* for appellant.

*Stone & Ayres,* for appellee.

BECK, J.—Certain letters were admitted in evidence to support the allegations of the petition, to the effect that defendant had admitted the debts were unpaid. There were three of these letters, and objection is made to each upon different grounds.

I. The first, it was shown, was written on Sunday. It is insisted that the law which declares contracts made on Sunday 1. EVIDENCE: invalid, is applicable to the letter in question, and letter written on Sunday. it is therefore of no effect and ought not to have been received in evidence. The principle of law upon which

counsel base their argument cannot be disputed, but it is not
applicable to the case made by the pleadings and evidence.
The petition avoids the statute of limitation by an allegation
of an admission that the debt was unpaid, made by defendant
prior to the commencement of this suit, and within the time
limited by the statute. Under this pleading, the letter was
introduced to show an admission, and not a new promise. The
admission is not to be regarded like a new promise or a con-
tract, but simply evidence of non-payment of the debt. Now,
while contracts made on Sunday are invalid, ac's which amount
simply to evidence of the existence of contract, and have the
effect in that way to establish the right to recover, are not to
be excluded simply because they are done on Sunday. *Thomas
v. Hunter*, 29 Md., 406.

The bar of the statute may be removed by evidence of the
written admission of the debt, as well as a new promise to pay
it; both are not necessary. Code, § 2539, Rev. § 2751. *Penley
v. Waterhouse*, 3 Iowa, 419.

If it be conceded that the admission does not revive the
original contract, but thereon the law implies a promise to
pay, it, nevertheless, is not to be regarded as a contract; it is an
act upon which a contract is implied by law, and does not
itself amount to a contract. It is not, therefore, on the ground
of its being a contract, of no effect because made on Sunday.
The admission, if not forbidden to be made on Sunday, or
was not made in connection with other acts forbidden on that
day, cannot be unlawful. If not unlawful there can be no
reason why it should not have the same effect as if done upon
another day. We know no reason why the writing of a letter
to a friend or relative, on Sunday, containing an admission
of an indebtedness, should be regarded as a violation of law.
We conclude the letter was correctly admitted in evidence.

II. Another letter introduced in evidence is now objected
to on the ground that it is without date. It is a
sufficient answer to this objection to state that it
was not made in the court below; it will not be
heard in this court.

2. PRACTICE
in the Su-
preme Court:
evidence.

III. A third letter dated after the suit was commenced is,

for that and other reasons, claimed to have been improperly received in evidence. We need not determine the question as to the admissibility of this letter, for, in our opinion, the finding of the court, to the effect that defendant had admitted the indebtedness, is sufficiently supported by the other letters, and a finding the other way upon them would have been so against the evidence, as to require a reversal of a judgment based thereon. Under this view of the evidence the admission of this last letter was error without prejudice, conceding it to have been erroneously admitted in evidence, which, however, we do not decide.

IV. The counsel of appellant discuss, at some length, the question, whether the acknowledgment of the debt is suffi-

3 PRACTICE: questions of law. and of fact.

ciently shown by the letters, is a matter of law or of fact. We find it unnecessary to pursue the inquiry. Whichever it be, we think the court's conclusion that the acknowledgment was established is correct. The cause having been submitted for trial without a jury, the question was for the decision of the court, whether it was one of law or fact; and, as it was decided rightly, even though it may have been considered as one when it was really the other, there can be no error therein that is prejudicial to the defendant.

The foregoing discussion disposes of all the questions necessary to be considered, in order to dispose of the case.

The judgment of the District Court is

**AFFIRMED.**