## STONE v. BALLINGALL.

1. **Evidence:** DEPOSITION: VERDICT. That a deposition read upon the trial was not taken before the officer to whom the *dedimus* was addressed will not justify a reversal, where the verdict is sustained by the other evidence.

*Appeal from Mahaska District Court.*

WEDNESDAY, OCTOBER 6.

ACTION upon an account for goods and merchandise. There was a verdict and judgment for plaintiff. Defendant appeals.

*Seevers & Cutts*, for appellant.

*Lafferty & Johnson*, for appellee.

BECK, J.—The only error assigned by defendant is based upon the action of the court in refusing to suppress a deposition taken by the plaintiff. The ground of the motion is that the deposition was not taken before the officer to whom the *dedimus* was addressed. The deposition was read at the trial. It is unnecessary to determine the question involving the correctness of the court's ruling, for the simple reason that, admitting the deposition was not regularly taken, and therefore not competent evidence, no possible prejudice resulted therefrom to defendant. We have before us all the evidence, and, excluding the deposition, there is ample proof to support the verdict. Indeed had the deposition been excluded, and the jury, upon the other evidence, had found for defendant, we would have been compelled to set aside such a verdict as utterly unsupported by the evidence. The plaintiff by his own evidence and that of another witness made out a case clearly supporting his right to recover. No evidence of any kind was offered by defendant. See *Ayres v. Bane*, 39 Iowa, 518.

AFFIRMED.