ELIZABETH STEWART, Appellant, v. WILLIAM McFAR-
LAND et al., Executors, Appellees.

Limitation of Actions: PROMISSORY NOTE: ADMISSION OF INDEBTED-
NESS. A bequest by a husband to his wife of "one thousand dollars in
full payment of her note of six hundred dollars" against him, "and
the further sum of five hundred dollars for her support, the same
being in lieu of dower, and in full of all her interest" in said estate,
held not to constitute such an admission of indebtedness as would
revive the right of action upon the note referred to, where the amount
claimed to be due upon the note at the time of making the will
exceeded the sum bequeathed, and the widow claimed her right of
dower, and refused to accept the provision made for her by the will.

Appeal from Linn District Court.—HON. J. H. PRESTON,
Judge.

TUESDAY, OCTOBER 27, 1891.

PROCEEDINGS for the allowance of a claim on
account of a promissory note against the estate of John
Stewart, deceased. After hearing the evidence sub-
mitted, the claim was disallowed by the court, and the
plaintiff appeals.—Affirmed.

Charles W. Kepler, for appellant.

F. C. Hormel, for appellees.

ROBINSON, J.—The plaintiff is the widow of the
decedent, and the defendants are the executors of his
estate. The plaintiff asks to have allowed, as a claim
against the estate, the amount of a note, of which
the following is a copy:

"JANUARY 1, 1877.
"Twelve months after date, I promise to pay Eliz-
abeth Stewart, or bearer, six hundred dollars, with ten
per cent. interest per annum. Value received.
"JOHN STEWART."

The defendants plead as a defense that the right of action on the note is barred by the statute of limitations. The plaintiff insists that it was revived by an admission in writing, signed by the decedent, that the note was unpaid. The admission relied upon is contained in the will of the decedent, which was made on the first day of January, 1889, and admitted to probate in March, 1890, and is as follows:

"I further give and bequeath unto my said wife, Elizabeth Stewart, two mares, named 'Fanny' and 'Nelly,' three cows, one cook stove, one bedstead, one table, one churn, six chairs, and one thousand dollars, in full payment of her note of six hundred dollars against me, and the further sum of five hundred dollars for her support, the same being in lieu of dower, and in full of all her interest in or to my estate."

The claimant refused to take under the will, and elected to take under the laws of the state. It is not disputed that this proceeding is barred by the statute, unless the cause of action has been revived by the provision of the will we have quoted. Section 2539 of the Code is as follows: "Causes of actions founded on contract are revived by an admission that the debt is unpaid, as well as by a new promise to pay the same. But such admission or new promise must be in writing, signed by the party to be charged thereby." It is well settled that under this statute both an admission that the debt is unpaid, and a new promise to pay, are not required to revive the cause of action, but either alone is sufficient for that purpose. *Ayres v. Bane*, 39 Iowa, 519; *Mahon v. Cooley*, 36 Iowa, 482; *Penley v. Water-house*, 3 Iowa, 441. At common law the admission removed the bar of the statute only when it was of such a nature that a promise to pay might be inferred from it. Hence, it has been held that, when the admission is made under such circumstances that a new promise to pay cannot be inferred, as where it is accompanied by a statement that the debt will not be

paid, or when it is based upon a condition which has not been performed, it will not operate to revive the cause of action. *Penley v. Waterhouse, supra; Chambers v. Garland*, 3 G. Greene, 322; *Wetzell v. Bussard*, 11 Wheat. 311; *Roscoe v. Hale*, 7 Gray, 274; *Parker v. Butterworth*, 46 N. J. Law, 244; *Chidsey v. Powell*, 91 Mo. 622, 4 S. W. Rep. 446; Wood on Limitations, 140, *et seq.*

Whether, under the statute of this state, an unqualified admission of a debt would be inoperative to revive the cause of action, if accompanied by a refusal to pay, we need not determine. The admission, in any event, must be so made as to be operative. Thus, an admission written in a private account book of the person sought to be charged, purporting to be a will, and never delivered, but found among his papers after his death, has been held to be insufficient to remove the bar of the statute. *Allen v. Collier*, 70 Mo. 138. The same has been held in regard to an admission contained in a mortgage never delivered, but which was found among the papers of the alleged debtor after his death. *Merriam v. Leonard*, 6 Cush. 152.

Although the admission in question is contained in a will which was not intended to take effect during the lifetime of the testator, yet it was designed by him to become operative after his death, and we know of no reason why an admission so made, if otherwise sufficient, should not be effectual to revive the cause of action to which it refers. But an examination of the entire paragraph of the will in which the admission in question is found leads us to conclude that it was not the intent of the testator to make an unqualified admission of indebtedness. If the claim of the plaintiff that the note is wholly unpaid be true, then, at the time the will was made, there was due on the note thirteen hundred and twenty dollars. We cannot presume that the testator desired to pay a just debt of that amount with one thousand dollars, nor that the language he used

in regard to the note was designed to admit that the amount thereof was justly due from him. A more reasonable inference is that he did not admit the claim now made by the plaintiff to be just, and that the provision of the will which we have set out, so far as it relates to the note, was designed as an offer of compromise. It was made upon condition that the plaintiff should accept the provisions of the will, and was not intended to be operati-e if she rejected them. By refusing to take under the will, the plaintiff made the provision in question of no effect, and cannot derive any benefit from it.

We conclude that the order of the district court disallowing the claim of the plaintiff was correct. It is, therefore, AFFIRMED.