ALONZO MILHOLLEN v. THE A. Y. McDONALD & MORRISON MANUFACTURING CO., Appellant.

**Contract for services:** EVIDENCE: CONCLUSION: HARMLESS ERROR.
1  Where there is no serious conflict as to the current wages and plaintiff has testified to the length of time he has worked, in a suit for services under an oral contract, his statement of the amount due is not prejudicial as being a conclusion, since the amount due is merely a matter of computation.

**Same.** Where the defense, in an action for services under an oral
2  contract was a specific agreement to do certain work, rejection of oral evidence that men employed on the work were not

on defendant's pay roll was not prejudicial, where the pay roll itself was subsequently admitted.

**Same.** The testimony of defendant in an action for services as to the nature of the work contemplated by the contract of employment, but not shown to have been communicated to plaintiff, was properly excluded.

**Evidence:** OFFER OF COMPROMISE. An offer of compromise and settlement which amounts to an admission of indebtedness, and not made simply to avoid litigation, may be shown in evidence.

**Evidence:** ADMISSIONS AGAINST INTEREST. In an action for services an account book kept by plaintiff and containing entries tending to show that he was doing the work by contract rather than by the day, as contended by plaintiff, is admissible as a written declaration against interest.

*Appeal from Dubuque District Court.*— HON. M. C. MATTHEWS, Judge.

WEDNESDAY, JULY 3, 1907.

REHEARING DENIED MONDAY, JANUARY 20, 1908.

SUIT to recover upon *quantum meruit* for personal services under an alleged oral contract. The defense plead was that the services were rendered under specific contracts. There was also a counterclaim. Trial to a jury and a verdict for the plaintiff upon which judgment was rendered. The defendant appeals.— *Reversed.*

*Hurd Lenehan & Kiesel* and *Lyon & Lyon,* for appellant.

*T. J. Paisley* and *Willam Graham,* for appellee.

SHERWIN, J.— In his petition the plaintiff alleged his oral employment by the defendant to superintend and build certain foundation walls without any agreement as to compensation, and that he performed such service between June 8, 1903, and September 24, 1904, amounting to three hundred and eight days, the value of which service was $4 per

day.   The answer denied the contract of employment and the rendition of services thereunder, and pleaded a counterclaim for a sum greater than the amount claimed by the plaintiff, based on the allegation that the walls referred to in the plaintiff's petition were three in number; that the building of the principal wall in question and furnishing materials therefor was undertaken by 'A. Milhollen & Son, a firm composed of the plaintiff and his son William, under a certain written contract for the lump price of $2,250; that the building of the other two walls and furnishing the materials therefor was undertaken by said firm under two oral contracts, in one of which the lump price was $280, and in the other of which the price was $1.35 per perch; that said firm failed to complete the work so undertaken, and abandoned it; that defendant was compelled to complete it, and that the defendant during said firm's employment under said contracts made payments of money, material, labor, etc., to it and on its account, and, after its abandonment of the work, completed the same at the defendant's expense; and that the aggregate of the disbursements so made was $352 in excess of the total amount of the three contracts, for which excess sum defendant asks judgment against plaintiff.   The plaintiff replied to the counterclaim, admitting making the written contract for the principal wall, and alleging that, soon after the work was commenced under it, it was abandoned by mutual consent, and that the oral contract plead in the petition was substituted therefor.   There was also a denial that the two other specific oral contracts were entered into.

A great many errors are assigned and argued; but we shall direct our attention to only such as we deem of sufficient importance to require specific notice.   The plaintiff

1. CONTRACT FOR SERVICES: evidence: conclusion: harmless error.

introduced evidence tending to show the going wages of stone masons in Dubuque and of a foreman of such work during the time in controversy, and, as we understand the record, there is

no serious question on this point.  He was then examined as a witness for himself, and, after stating the number of days he had worked for the defendant and that he was the foreman of the work, he was asked this question: "What is the amount, if anything, that is yet unpaid you for that work?"  He was permitted to answer over the objection of the defendant that the question called for a conclusion, and the ruling is assigned as error.  It may be conceded that it was the province of the jury to determine from the whole case the amount that was due the plaintiff, if it found that the work performed by him was not done under the contracts pleaded by the defendant; but, there being no controversy in the record as to the amount of time put in by him, or as to the value of his services if he was working for the defendant as claimed by him, the amount due him was a matter of computation only, and, while strictly speaking the question did perhaps call for the conclusion of the witness, the answer thereto was not prejudicial.

Whether there was an abandonment of the contract for the erection of the larger wall was the controlling question in the case; and any evidence offered on the part of the defendant tending in any way to show that the plaintiff's contention relative thereto was not true was competent and material, and, on the trial as bearing upon this question, the defendant offered evidence tending to show that men employed upon these foundations were in the employ of the plaintiff rather than of the defendant. The offer was to show by parol that the names of these men were not carried on the defendant's payroll, and this testimony was not received.  It is sufficient answer to the appellant's contention relative to the ruling to say that the payrolls were afterwards received in evidence, and were of themselves the best evidence of their contents.

2. SAME.

John Morrison, who represented the defendant firm in its transactions with the plaintiff and his firm, testified that the number of piers in contemplation for the main wall

when Mr. Milhollen commenced work thereon was the same as was provided in the drawings which were introduced in evidence, and this answer was stricken out on the plaintiff's motion. We think the ruling was right. Whatever the defendant may have contemplated which was not shown to have been communicated to the plaintiff would clearly be incompetent.

3. Same.

The appellant says that it was not permitted to show that the measurements of a part of one of the wall foundations made by Engler and Morrison agreed with the measurements made by the plaintiff, but he is mistaken in this. The question was answered in substance in another place.

It is urged that the plaintiff was permitted to prove an offer of compromise or settlement made by the defendant. It is, of course, a well-settled rule that where a settlement is offered without the acknowledgment of a debt, but for the purpose of avoiding litigation, it may not be proven; and such is also the statutory provision. But in this case the testimony tends to show that the offer of settlement was not of this kind, but, on the other hand, that it was a virtual admission of indebtedness, and an offer to compromise for a sum much less than was claimed by the plaintiff. Such being the case, the evidence was competent under the holding in *Bayliss v. Murray,* 69 Iowa, 290, and *Kassing v. Ordway,* 100 Iowa, 611.

4. Evidence: offer of compromise.

A foundation was laid for the impeachment of one of the defendant's witnesses, but, when the impeaching witnesses were called, the exact questions used as the foundation for the impeachment were not propounded to the impeaching witnesses. It is, of course, a rule well established that such questions must give the substance, and nothing more, of the question sought to be used as the foundation for the impeachment, and in this case there was no serious infringement of this rule.

Complaint is made because the court refused, at the instance of the defendant, to instruct the jury that the plain-

tiff had authority to make the tumble mill contracts on behalf of the firm of Milhollen & Son, but there was no error in such refusal, because of the conflict in the testimony.

It is very strenuously contended that the verdict and judgment should not stand because of the insufficiency of the evidence tending to support them.    We have given the record careful examination, and, without recapitulating the testimony, we are of the opinion that the verdict should not be disturbed for the lack of evidence.

Complaint is made of the argument of the appellee's counsel, but we find nothing therein which would justify a reversal of the case.    The statements complained of were legitimate comments on the record as it had been made before the jury.

The defendant offered in evidence an account book which had been kept by the plaintiff during the progress of work on the walls in question.    The entries in this book made at the instance of the plaintiff tended very strongly to show that he was doing the work for the defendant under the contracts pleaded by the defendant, instead of by day's work.    This book was clearly admissible as an admission against the plaintiff's interest.    It was not offered for the purpose of proving the defendant's counterclaim, but solely for the purpose of showing the plaintiff's admission by written declaration of the nature of the contract between the parties, and we are of opinion that it was error to exclude it.

5. EVIDENCE: admissions against interest.

It is a rule too well established to require citation of authority to support it that any declaration made by a party against his own interests is competent evidence in behalf of his adversary, and, under this rule, this book was clearly admissible, and, for the error in excluding it, the case must be, and it is, *reversed.*