MARY SENNINGER, Appellee, v. E. W. ROWLEY and MAY
ROWLEY, Appellants.

**Limitation of actions:** NEW PROMISE. A cause of action once
1   barred may be revived either by an admission in writing signed
by the party to be charged or by a like new promise to pay; it
is not necessary that both an admission of the debt and a new
promise to pay be made. In the instant case there was a check
issued in part payment of the debt, but afterward surrendered,
and a letter written by debtor, either of which is held suffi-
cient to set the statute running anew.

**Same.** It is not necessary that the writing claimed to operate as
2   the revival of a barred indebtedness specifically describe the
debt or its amount, but identification in these respects may be
shown by extrinsic evidence.

**Same.** The revival of a debt operates to revive a mortgage given
3   to secure it.

**Same:** ASSUMPTION OF MORTGAGE: STATUTE OF FRAUDS: EVIDENCE.
4   To fix a grantee's personal liability for the payment of an
existing mortgage upon lands conveyed to him, the deed need
not contain a provision that he assumes the obligation; his
assumption of the debt may be shown by other evidence which
is not within the statute of frauds. In the instant case the
grantee took the land incumbered by mortgage, paid interest,
secured a reduction in the rate, attempted to pay the principal
and by like conduct for a series of years made the mortgage
debt his own, so that his written acknowledgment of the same
operated as a revivor and removed the bar of the statute.

**Same:** REVIVAL OF ACTIONS. The issuance of a check by the grantee
5   of land in payment of a mortgage existing at the time of the
conveyance, but not assumed by him in the deed, and the
delivery of the note to him with a subsequent return of the
same to the mortgagee and of the check to the grantee, under
an agreement to continue the mortgage at a reduced rate of
interest, is held to have constituted a revival of the existing
debt rather than the creation of a new loan.

*Appeal from Linn District Court.*— HON. MILO P. SMITH,
Judge.

Tuesday, June 9, 1908.

Action in equity for the foreclosure of a mortgage. Decree for plaintiff, and defendants appeal.— *Affirmed.*

*Voris & Haas,* for appellants.

*J. E. Bromwell* and *J. H. Preston,* for appellee.

Weaver, J.— On February 2, 1882, one Ephraim Ellis made and delivered to Francis Senninger his promissory note for the sum of $1,500, payable five years after date, with annual interest at 8 per cent. and secured the same mortgage on a tract of land owned by said Ellis in Linn county, Iowa. This mortgage was thereafter duly assigned to the plaintiff. On February 23, 1882, Ellis conveyed the land to John Palmer, who assumed payment of the mortgage debt. Soon thereafter Palmer died, and his heirs who succeeded to the title quit-claimed the land to the appellant E. W. Rowley under date of March 4, 1890. On March 7, 1893, Rowley paid plaintiff the interest then due upon the note, together with $200 of the principal, and, at his request, she reduced the rate of interest on the remainder from 8 per cent. to 7 per cent. per annum. From that time appellant continued to pay to appellee the yearly accruing interest at the rate of 7 per cent. until about February 20, 1901. On the date last named appellant called upon the appellee, saying he had sold the land, and wished to pay off the mortgage debt. Computing the amount due to be $1,-393.64, he gave appellee a check for that sum, and she delivered him the note. On the following day, and before the check was cashed, appellee claimed to have discovered that a mistake had been made in the computation of the note, and that the check was insufficient to pay the same by the amount of $100. She thereupon caused the appellant to be

promptly notified of the error. Responding to this notice, appellant visited the appellee and, according to her testimony, told her that he could then pay her the additional $100, but he was in position to make use of all of the money if she would consent, and it was arranged between them that he should pay all of the interest which had accrued on the note to that date and the papers be re-exchanged, the debt thereafter to bear interest at 6 per cent. Pursuant to this agreement the note was changed by altering the word or figure indicating the rate of interest, and delivered to the appellee, and she returned the check to appellant. The debt not having been paid, this action to foreclose the mortgage was begun August 17, 1906. The facts as above related are all set forth in the petition, and the appellant in his answer admits their substantial truth, except he denies ever assuming to pay the debt, and says that, upon the discovery of the mistake in the amount of the check given her in payment of the note, he returned the note and received back the check, and that the attempted settlement and payment was at plaintiff's demand set aside, and the parties resumed the same relation to each other and to the mortgage debt which they would have occupied had said attempted payment never been made. He further pleads the statute of limitations as a bar to plaintiff's right of action. As a witness, appellant makes no attempt to deny any of the matters of fact alleged and sworn to by the appellee.

The one question thus presented for our hearing is whether upon the undisputed facts appellant is in a position to rely upon the statute of limitations. Unquestionably much more than ten years had elapsed between the maturity of the note and the commencement of this action. But, according to the statute (Code, section 3456), a cause of action may be revived or renewed by an admission in writing signed by the party to be charged that the debt is unpaid, or by a like new promise to pay. To support her claim of such revivor or re-

1. LIMITATION OF ACTIONS: new promise.

newal in this case, appellee relies upon the check given to her by the appellant as hereinbefore related as a written acknowledgment of the debt. She also offers in evidence a letter written to her by appellant in response to her request for payment of the note, in words as follows: "Loveland, Colo., 1–18–1903. Mrs. Senninger: Yours of the fifth is at hand. In reply would say that I had not figured on paying you any money while we were out here, consequently have used it for other purposes. You told me when I was there that I need not pay you any till I came back. We only have our rent and need that to live on, so I do not see how we could send you anything at present. Yours respctly, E. W. Rowley." If appellant ever assumed or became charged with personal liability for the payment of this debt, we think either of these writings is such an admission as will set the statute of limitations running anew. It is not necessary that both an admission of the debt and a new promise to pay shall be made and signed by the party, but either is sufficient. *Stewart v. McFarland,* 84 Iowa, 55.

Nor is it requisite to the sufficiency of an admission that the party shall say in so many words " I admit that this note is unpaid." It is enough that such an admission is the natural and necessary inference from the writing. If A. demands of B. the amount of an alleged indebtedness, and B. thereupon writes, signs, and delivers to A. his check for such amount, the check so delivered admits of no other reasonable construction, except as an admission of the debt for the payment of which it is given. So also of the letter offered in evidence. Its language contains a clear implication of the existence of the debt and the obligation of the writer to pay it. To have the effect of an admission within our statute, it is not required that the writing specifically describe the debt or mention its exact amount, but the identification of the debt and of the amount due may be shown by extrinsic evidence. These rules are too well established to call for a review of

2. SAME.

the authorities. See *Bayliss v. Street,* 51 Iowa, 627; *Collins v. Bane,* 34 Iowa, 385; *Bank v. Woodman,* 93 Iowa, 668; *Mahon v. Cooley,* 36 Iowa, 479; *Miller v. Beardsley,* 81 Iowa, 720; *Will v. Marker,* 122 Iowa, 627; *DeForest v. Hunt,* 8 Conn. 180; *Brown v. Keach,* 24 Conn. 73; *Spangler v. McDaniel,* 3 Ind. 275; *DeFreest v. Warner,* 98 N. Y. 217 (50 Am. Rep. 657); *Kuhn v. Mount,* 13 Utah, 108 (44 Pac. 1036).

It is also a well-settled general rule that the revivor of the debt revives the mortgage given to se-
3. SAME.    cure the payment. *Kerndt v. Porterfield,* 56 Iowa, 412; *Bank v. Woodman,* 93 Iowa, 668.

But the appellant argues that as he did not contract the mortgage debt, and the deed by which he obtained title to the mortgaged lands contains no clause or provision by
4. SAME: assumption of mortgage: statute of frauds: evidence.    which he assumed the payment of such debt, there was never any personal liability on his part to pay it, and therefore neither the check given the appellee nor the letter attributed to him could have any effect to lift the bar of the statute. As applied to the facts in the case, the argument is unsound. In the first place, we think the evidence is ample to support the conclusion that he did assume the payment of the debt. True, there is no such assumption by the terms of the deed, but we see no good reason why it may not be established by evidence other than the conveyance. A promise by which the promisor effects the payment of his own debt or by which he makes an indebtedness his own is not within the statute of frauds, and may be established by oral testimony. *Bowen v. Kurtz,* 37 Iowa, 259; *Morrison v. Hogue,* 49 Iowa, 474. It is also true that no witness testified to such an agreement by appellant. But he did buy the land incumbered by the mortgage; paid interest thereon from year to year; secured a reduction in the rate of interest; paid a part of the principal and later gave a check for the computed remainder, and, although this paper was returned to him,

its significance is none the less marked. In short, his entire conduct for a period of some fifteen years was consistent with the theory that he was and considered himself to be the debtor of the appellee and inconsistent with the attitude which he now assumes. Moreover, though a witness on the trial, he did not attempt to deny having agreed to pay the debt. It appears, therefore, that for all practical purposes he made the note his own promise to pay and his acknowledgment of the debt revived it, and removed the bar of the statute. Indeed, if appellant did not assume personal liability for the payment of the mortgage debt, yet his written admission that such debt was unpaid would in our judgment be effective to defeat his plea of the statute of limitations against the foreclosure of the mortgage. See *Heyer v. Pruyn,* 7 Paige Ch. 465 (34 Am. Dec. 355).

The claim advanced by counsel, that, if appellant is liable at all, it is not upon the mortgage debt, but upon the verbal agreement between him and the appellee on February 21, 1901, is without merit. The thought seems to be that the return of the note to the appellee and of the check to appellant, with the agreement that the unpaid sum should thereafter draw 6 per cent. interest, was, in effect, a new loan to the appellant, and not a revivor of the mortgage debt. But such is not a fair and reasonable interpretation of the transaction. That this woman had any thought of abandoning her mortgage security and accepting the personal obligation of the appellant for the payment of her debt, or that he believed that such was her understanding and meaning, is wholly incredible. She testifies to nothing of the kind, and the appellant refrained from so testifying in his own behalf. The defense of the statute of limitations is not to be condemned in any case to which it is clearly and fairly applicable, but a court should not and will not go out of its way to give its benefit to a man who seeks to take advantage of the leniency of

5. SAME: revival of actions.

his creditor to defeat the collection of a just debt which he admits has never been paid.

The decree of the district court is *affirmed*.