G. H. WACHAL, Appellee, v. ROY DAVIS, C. C. HAND, Appellant.

Oral contracts: STATUTE OF FRAUDS: EVIDENCE. In this action upon
1  an oral agreement to sign certain promissory notes the evidence
   tended to show that the defendant sought to be held liable was not
   to become a surety for his co-defendant, but was seeking to pro-
   mote his own interests, thus taking the oral promise out of the
   statute of frauds: and a denial of this evidence by plaintiff
   presented a conflict upon the question of whether the promise was
   independent or collateral, which was for the jury to determine.

Evidence: COMPROMISE AND SETTLEMENT. Not all admissions made
2  during negotiations for the settlement of a controversy are to be
   excluded as an offer of compromise. Where the evidence was com-
   petent for other purposes, and there was no showing that the state-
   ments would not have been made except for the purpose of effecting
   a settlement, it is admissible.

*Appeal from Buchanan District Court.*—HON. F. C. PLATT,
Judge.

SATURDAY, MARCH 14, 1914.

ACTION at law upon an oral agreement by defendants to
sign three promissory notes for $50 each, to be given to and
accepted by plaintiff in payment for a binder, and that
defendant Hand should become responsible therefor. It is
alleged that plaintiff relied solely upon the agreement of
Hand and let Davis have the machine. A further statement
of facts appears in the opinion. There was a judgment against
Davis by default; trial to a jury as to Hand, and a verdict
and judgment against him, from which he appeals.—*Affirmed.*

*Cook & Cook,* for appellant Hand.

*Hasner & Hasner,* for appellee.

Preston, J.—A further statement of facts, briefly stated, and which the jury could have found established by the evidence, is that during the year 1911 the defendant Davis was a tenant of the defendant Hand, both living on the same farm. The small grain on the farm was raised on shares. Appellant Hand had a mortgage on Davis' share of the grain and received at least a part, if not all, of the money received for the grain when it was sold. The plaintiff was in the agricultural implement business. On May 20, 1911, Davis went to the plaintiff and signed a written order for a binder. It seems that plaintiff was not willing to extend credit to Davis alone. By the terms of the order the binder was to be paid for by giving to plaintiff three approved notes for $50 each, payable September 1, 1911, 1912, and 1913. Between the 4th and 7th of July, 1911, Davis and Hand came together to the plaintiff's place of business. Plaintiff was absent at the time, and W. H. Ossman was in charge of the business. Ossman told Hand that the plaintiff, Wachal, had instructed him not to let the machine go until he (Hand) had agreed to pay for it. Hand said, "My grain is ripe, and we must have the binder." Then Ossman told Hand that Wachal, the plaintiff, was away and had the notes to be signed with him, and that he (Ossman) had not been accustomed to fixing up the papers, and that, if Hand would agree to sign the notes, then they might have the binder. To this Hand replied that he surely would do so, that he was good for the binder, and that he would come in in a few days and fix it up, and Hand said that he would see that the binder would be paid for. Upon the strength of these statements, the binder was taken away by Hand and Davis. It was never paid for, and the defendant Hand refused to give his notes as orally agreed. Davis did not sign the notes. On the trial of the case the defendant Hand moved for a directed verdict, on the ground that the case made by the plaintiff was within the statute of frauds. The evidence was objected to on that ground. The question thus presented was whether there was evidence

in the case which would sustain a finding by the jury that the agreement by Hand was an original and independent undertaking, or made to subserve a purpose of his own. The court admitted the evidence and overruled the motion, holding that there was such evidence in the record, and that the case presented a question of fact for the jury. The jury found for the plaintiff. .

It is not claimed that there was any error in the instructions of the court, and it must therefore be admitted that they correctly stated the law to the jury; provided there was evidence in the case from which the jury might find that Hand made such direct and original promise to become primarily liable to the plaintiff, or that he did so to promote some object and interest of his own. It is the contention of appellant that a mere oral promise by defendant Hand to sign notes with his tenant, Davis, is a collateral undertaking and within the statute of frauds. If there was nothing more, there might be merit in his contention; but, from the foregoing statement of facts, appellant's claim does not quite cover the case. It is said by appellant that the debt was that of Davis, created when Davis gave the order in May, but that the order was on certain terms, which had not been complied with by Davis. Plaintiff refused to complete the sale until that was done. Plaintiff refused to extend credit to Davis alone. Defendant himself testified as a witness that Ossman ''did not seem to want to do business with Mr. Davis.'' Under the evidence, it was a fair question for the jury whether the credit was given to Hand. If it was, then it was not a collateral undertaking, but original, and not within the statute. Appellant concedes this to be the rule.

Furthermore, it is contended by appellee, and we think his claim is correct, that there was evidence from which the jury may have found that the leading object of Hand was not to become surety for Davis, but to promote or subserve his own interest, and that therefore his oral promise to pay is

not within the statute. *Frohardt v. Duff*, 156 Iowa, 144. The evidence tending to so show has been before referred to. True, defendant denied plaintiff's evidence on this subject and claimed he was to sign the notes only on condition that he was secured, and that this had not been done. If the evidence is in conflict as to whether the promise is independent or collateral, the question is for the jury. *Frohardt v. Duff, supra.* This disposes of the principal contention in the case.

In October, 1911, plaintiff and another went to see Hand and asked him to sign the notes or pay for the machine. They testified, over objection, that Hand requested plaintiff to take the binder back at $100, so he (Hand) would not have to pay so much. Defendant's version of this is: "I never bought this machine. I do not know as I asked him to take it back. I asked him if he would take it back and allow $100." It is said by appellant this was incompetent because an offer of settlement or compromise. Defendant did not offer to return the machine. Under his theory he could not do so, because he claimed it belonged to Davis.

2. EVIDENCE: compromise and settlement.

It is doubtful whether the statement was such an offer of compromise as that it should have been excluded. Not all admissions made during negotiations of settlement are excluded. Admissions of distinct facts during such negotiations have been held to be proper. There is nothing in the evidence to show that the statement of defendant would not have been made except for the purpose of the negotiations, or that it was made by defendant for the purpose of buying his peace. Jones, Evidence (Pocket Ed.) section 291; *Kennell v. Boyer*, 144 Iowa, 303; *Houdeck v. Insurance Co.*, 102 Iowa, 303-308.

But aside from this, when the evidence was received, it did not appear that the statement was made by defendant while plaintiff was trying to secure the signature of defendant to the notes, or pay for the machine; or, as defendant claims. in the attempted settlement. That objection was made, and later a proper motion to exclude; which was denied. The

trial judge may have changed his mind and instructed the jury to disregard such evidence. The instructions do not appear in the record. The presumptions are in favor of the judgment, and error must affirmatively appear.

We find no error, and the judgment is—*Affirmed*.

LADD, C. J., and EVANS and WEAVER, JJ., concur.