SAM MCCLURE, Jr., Administrator, Appellee, v. C. B. SMELTZER, Appellant, D. J. COUGHLAN et al., Defendants.

No. 43675.

NOVEMBER 24, 1936.

Mitchell & Mitchell, for appellee.

Maher & Mullen, for appellant.

KINTZINGER, J.—This action was commenced on September 13, 1935. The petition as amended alleges that on July 22, 1923, the defendants made, executed and delivered to Sam McClure, now deceased, their certain promissory note in the sum of $2,000, payable one year after date. The note bears several endorsements of payment on interest and principal, the last showing a pay-

ment of $450 on principal, leaving a balance of $1,100 and interest.

To avoid the bar of the statute of limitations, the petition also alleges that on July 6, 1935, the defendant Smeltzer sent the said Sam McClure a written letter in reference to the note in question, in which he said:

"In our conversation * * * the other day you agreed to turn over the note signed by Rhodes, Coughlan and myself for $500. I think it would be well for you to endorse this note over to me without recourse. In this way I might be able to realize a little something on the note. * * *

"I will leave the $500 at the State Bank with instructions to turn same over to you on surrender of the note. * * * I am going to be out of town for several days, and as I promised to get you this money within a week, this plan will enable me to keep my promise.

"Thanks for your leniency in this matter and assuring you that I appreciate everything you have done, I beg to remain always, * * * C. B. Smeltzer."

The petition further alleges that the note signed by defendants Rhodes, Coughlan, and Smeltzer is the note sued on, and that the foregoing letter from Smeltzer related to the indebtedness due thereon.

The defendant Smeltzer demurred to plaintiff's petition as amended upon the following grounds:

1. That the note sued upon was due and payable June 22, 1924, that more than ten years have elapsed before bringing this action, and it is, therefore, barred by the statute of limitations.

2. That the letter does not constitute an admission that the debt is unpaid, or a promise to pay the same, sufficient to constitute a reviver of the debt under section 11018 of the Code.

3. That the letter was merely an offer or acceptance of an offer to compromise or purchase the note sued upon, and does not constitute an admission that the debt is unpaid, or a new promise to pay the same, sufficient to constitute a reviver of the debt under section 11018 of the Code.

This demurrer was overruled. Defendant Smeltzer stood on the ruling, and judgment was entered against him for $1,611.54, from which he appeals.

Defendant contends that the court erred in overruling the

demurrer, first, because the facts stated in the letter and petition were not sufficient to constitute an admission that the debt evidenced by the note was not paid, and, second, that such statements were not sufficient to constitute a new promise to pay the same.

It may be conceded that an action upon the note is barred by section 11007 of the Code, par. 6, unless the statute is tolled by allegations in the petition which bring it within the provisions or section 11018 of the Code.

Section 11018 of the Code provides:

"Causes of action founded on contract are revived by an admission in writing, signed by the party to be charged, that the debt is unpaid, or by a like new promise to pay the same."

This court has uniformly construed this statute as meaning that it is unnecessary to show both *an admission that the debt is unpaid, and a new promise to pay the same*. Either one is sufficient. Mahon v. Cooley, 36 Iowa 479; Ayres v. Bane, 39 Iowa 518; Stewart v. McFarland, 84 Iowa 55, 50 N. W. 221; Nelson v. Hanson, 92 Iowa 356, 60 N. W. 655, 54 Am. St. Rep. 568; Senninger v. Rowley, 138 Iowa 617, 116 N. W. 695, 18 L. R. A. (N. S.) 223; In re Sleezer's Estate, 209 Iowa 56, 227 N. W. 644; Koht v. Dean, 220 Iowa 86, 261 N. W. 491.

In Mahon v. Cooley, 36 Iowa 479, loc. cit. 482, we said:

"The statute provides that an *admission or new promise* in writing will revive the cause of action when barred by the expiration of the time limited for the commencement of suits. Rev., sec. 2751. Both are not required; the admission alone is sufficient. It is not regarded as a contract, but is simply a written declaration that the debt is not paid."

In Stewart v. McFarland, 84 Iowa 55, loc. cit. 56, 50 N. W. 221, we said:

"It is well settled that under this statute both an admission that the debt is unpaid, and a new promise to pay, are not required to revive the cause of action, but either alone is sufficient for that purpose."

In Nelson v. Hanson, 92 Iowa 356, loc. cit. 357, 60 N. W. 655, 54 Am. St. Rep. 568, we said:

"It is not necessary, in order to revive a cause of action under this provision, that there be both an admission that the debt is unpaid and a new promise to pay it, * * * either is sufficient."

In the recent case of Koht v. Dean, 220 Iowa 86, loc. cit. 89, 261 N. W. 491, 493, this court, speaking through Justice Donegan, said:

"It is apparent * * * that these notes * * * were * * * barred by the statute of limitations * * * unless the causes of action founded thereon were revived or renewed. The plaintiff by * * * amendment to her petition, * * * sought to establish a revival of the indebtedness * * * under section 11018 of the Code. * * * No claim is here made by the plaintiff that the letters in question contain any new promise to pay, nor is this necessary. It is sufficient that they contain *an admission that the debt is unpaid.*" (Italics ours.)

The first question for consideration is whether or not the language used in the letter, together with the allegations of the petition that the note sued on is the identical note referred to in the letter, constitutes an admission that the debt represented by the note is unpaid.

The determination of this question must be considered in connection with the rule that it is not requisite for the sufficiency of such admission to show that the party said in so many words, "I admit that this note is unpaid." It is sufficient if the words used contain an implication of the existence of the debt and that it is unpaid. Will v. Marker, 122 Iowa 627, 98 N. W. 487; Senninger v. Rowley, 138 Iowa 617, 116 N. W. 695, 18 L. R. A. (N. S.) 223; Doran v. Doran, 145 Iowa 122, 123 N. W. 996, 25 L. R. A. (N. S.) 805; Koht v. Dean, 220 Iowa 86, 261 N. W. 491.

In Will v. Marker, 122 Iowa 627, loc. cit. 628, 98 N. W. 487, this court said:

"Under our statute causes of action founded on contract are revived by an admission in writing, signed by the party to be charged, that the debt is unpaid. It is not necessary, however, that this admission be an express one; it is enough if the writing clearly and unequivocally refers to the instrument in suit, and clearly admits that it is not paid. In this case several letters written by the defendant, regarding the note in suit, are set out.

\* \* \* In one of the letters he wrote that he had supposed the note paid by his brother, and asks the plaintiff to reduce the amount of interest thereon as much as possible, and to do the best he can for him. In another he wrote that he could borrow $100, and asked the plaintiff to accept that sum in full, and stated, 'I want to get it off my hands now.' In a letter written to the attorney who had the note for collection he said that he could not pay the note, and that, if a judgment would satisfy the attorney, he could take it; but he asked that he be spared the humiliation of being sued. Considering the letters as a whole, they clearly admit that the note was unpaid.''

In Senninger v. Rowley, 138 Iowa 617, loc. cit. 620, 116 N. W. 695, 697, 18 L. R. A. (N. S.) 223, we said:

''It is enough that such an admission is the natural and necessary inference from the writing. \* \* \* So also of the letter offered in evidence. Its language contains a clear implication of the existence of the debt and the obligation of the writer to pay it. *To have the effect of an admission within our statute, it is not required that the writing specifically describe the debt or mention its exact amount, but the identification of the debt and of the amount due may be shown by extrinsic evidence.* These rules are too well established to call for a review of the authorities.'' (Italics ours.)

In Doran v. Doran, 145 Iowa 122, loc. cit. 124, 123 N. W. 996, 25 L. R. A. (N. S.) 805, this court said:

''It is only necessary that the admission appear with reasonable certainty to relate to the debt in question, and, if such relation does reasonably appear, it is for the debtor insisting that the admission relates to some other indebtedness to show its existence.''

In Koht v. Dean, 220 Iowa 86, loc. cit. 89, 92, 261 N. W. 491, 493, we said:

''The appellants contend that the letters, upon which the plaintiff \* \* \* rely as admissions, do not amount to such, because they do not contain a direct admission of the debt; because, even if admissions, they are in the nature of an offer to compromise and not an additional admission of the debt in question. \* \* \*

"It seems clear * * * that it is not essential that the writing upon which an admission is based expressly admit that the debt is unpaid, that it state the amount thereof, and that it specifically refer to the indebtedness which is involved. *It is sufficient that an admission that an indebtedness is unpaid is the natural and necessary inference from the writing.* The amount and items of the indebtedness and the fact that the writing relates to the indebtedness sued on may be established by extrinsic evidence." (Italics ours.)

Plaintiff's petition as amended alleges that the note referred to in this letter is the note sued upon in this action. As the petition was demurred to, this fact must be taken as true. The letter states that in a certain conversation, plaintiff agreed to turn over a note signed by Rhodes, Coughlan, and defendant for $500, and that it would be well for plaintiff to endorse the note over to defendant without recourse so as to enable him to realize something on the note; that he, defendant, is handling the deal this way because he is leaving town and as he "promised to get you this money within a week, this plan will enable me to keep my promise." The letter also contains the following statement: "Thanks for your leniency in this matter and assuring you that I appreciate everything you have done, I beg to remain always, * * * C. B. Smeltzer."

Under the pleadings, the note referred to was the identical note sued on in this action, and the only inference that can be reasonably drawn therefrom is that the note in question was unpaid. The fact that the defendant thanks the plaintiff for his leniency in this matter and that he appreciates everything he did, and that as the letter admits that he promised to get this money within a week, all point to the existence of the note in question and necessarily imply that the debt represented thereby is unpaid, and there is no claim that there was any other indebtedness.

Appellant contends, however, that the offer to pay $500 for an assignment of the note to him is in the nature of an offer to compromise and not an admission of the existence of the debt, represented by the note, and in support of this contention cites Milhollen v. McDonald Mfg. Co., 137 Iowa 114, 112 N. W. 812, 813.

In the latter case, however, we said, loc. cit. 118:

"It is, of course, a well-settled rule that where a settlement is offered without the acknowledgment of a debt, but *for the purpose of avoiding litigation*, it may not be proven; and such is also the statutory provision. But in this case the testimony tends to show that the offer of settlement was not of this kind, but, on the other hand, that it was a virtual admission of indebtedness, and an offer to compromise for a sum much less than was claimed by the plaintiff. Such being the case, the evidence was competent under the holding in Bayliss v. Murray, 69 Iowa 290, 28 N. W. 604, and Kassing v. Ordway, 100 Iowa 611, 69 N. W. 1013.'' (Italics ours.)

A similar contention was made in the case of Koht v. Dean, 220 Iowa 86, loc. cit. 90, 261 N. W. 491, 493. The letters in that case under which plaintiff claimed to revive the debt contained these statements:

"I thought I could come down to see you but something had to turn up so I am writing you the shape this is in if you can wipe the slate clean for $4000.00 * * *.

"Now if you can not wipe the slate clean for $4000.00 let me know by Thursday evening as I have to meet my Lawyer Friday at 9:00 o'clock in the morning, so if I do not hear from you by that time I will get * * * papers for service, Saturday as I am going to put this business through right away, if you let this go to court and into a Sheriff's sale you wont have much left. * * *

"Now Beck said if you accept the $4000.00 you will have to put it in writing, either send to me or Beck. If you accept I will fix it with Beck for him to pay you, and not me, because I don't want to handle the money, in any way, * * *.''

The indebtedness referred to in that action was for a much larger amount than the $4,000 offered in settlement. The letters referred to were offered in evidence as tending to show the necessary admission, and in that case, (220 Iowa 86, 1. c. 93, 261 N. W. 491, 495) this court said:

"We think the letters under consideration * * * contain admissions of an unpaid indebtedness, and that the offers to compromise contained therein were not merely offers to pay something to avoid litigation, but were offers to make settlement of an indebtedness which these letters showed was still unpaid. See,

also, State v. Lavin, 80 Iowa 555, 46 N. W. 553; Langdon v. Ahrends, 166 Iowa 636, 147 N. W. 940; Wachal v. Davis, 164 Iowa 360, 145 N. W. 865.''

So in this case, defendant's offer of $500 for a transfer of the note in question was at the most an offer to compromise the debt or purchase the note, as the defendant desired an assignment of the same so that he might realize on it from the other joint obligors. There is nothing in the letter tending to show that the offer was made for the purpose of avoiding any litigation.

We are, therefore, constrained to hold that the offer made in the letter was not for the purpose of avoiding litigation, but was made for the sole purpose of making a settlement of an indebtedness which this letter clearly implies was still unpaid, and which the pleadings show was for a much larger amount than the sum offered. We, therefore, conclude that such statements, which the pleadings admit referred to the note sued on, are sufficient to constitute an admission that the note sued on is the indebtedness represented by the note, and that the same is unpaid.

This being true, it becomes unnecessary to determine whether or not the letter also constitutes a promise to pay.

For the reasons hereinabove expressed, it is our conclusion that the order of the lower court in overruling the demurrer was right, and the judgment is, therefore, hereby affirmed.—Affirmed.

PARSONS, C. J., and ALBERT, STIGER, ANDERSON, DONEGAN, HAMILTON, and RICHARDS, JJ., concur.

MITCHELL, J., takes no part.