D. L. BARTON, Executor, Appellee, v. WILLIAM H. BOLAND et al., Appellants.

No. 44220.

APRIL 5, 1938.

D. D. Murphy & Son, for appellee.

F. E. Sharp and H. K. Roggensack, for appellants in district court.

A. E. Sheridan, for appellants on appeal.

MITCHELL, J.—D. L. Barton, as executor of the estate of Thomas Barton, deceased, commenced this action against William H. Boland and Anna Boland for judgment upon a certain promissory note in the amount of $4,500, praying for the foreclosure of a mortgage given to secure said note. The only defense the Bolands pleaded was that the note and mortgage were barred by the statute of limitations. There was a trial to the court, which rendered a judgment and decree as prayed, and the Bolands, being dissatisfied, have appealed to this court.

During his lifetime Thomas Barton was the owner of a certain 80 acres of land located near the city of Elkader, in Clayton county, which he sold on or about March 2, 1920, to William H. Boland and Anna Boland. The record is not quite clear as to the exact amount of money which was paid but it seems to us that a fair reading of the record shows the Bolands paid $500 in cash and made, executed, and delivered the note sued upon for the sum of $4,500, secured by a mortgage upon the 80 acres, for the balance due. The note is dated March 2, 1920, and is payable six years after date. The mortgage was dated on the same day and was duly recorded in the office of the county recorder of Clayton County, Iowa. Some interest payments were made.

It appears clearly that Thomas Barton during his lifetime, and his executor thereafter, were very lenient with the Bolands. It was during that period of time when crops were not good in Iowa and the prices of farm products had reached the lowest level in the history of the state; it was impossible to make new loans and income from farm land was not sufficient to pay interest and taxes. Governor Clyde L. Herring had issued a proclamation that mortgages be not foreclosed, and the legislature had passed what was known as the "moratorium" act. It is not necessary to tell the story of that period to the citizens of Iowa who lived here during that time; it is so well known that it will never be forgotten. Because of this condition the Bartons were extremely lenient and permitted the Bolands to

carry on without paying interest or taxes, in the hope that better days were ahead.

The only defense raised is that of the statute of limitations. The pleadings admit that the, action was not commenced until the 25th day of November, 1936, more than ten years after the due date of the note and mortgage.

The statute is a bar to the right of appellee to recover, unless, as pleaded by him, the written instrument executed by the Bolands is such an admission in writing as to revive the debt, as provided by section 11018 of the 1935 Code of Iowa. We turn to the record to ascertain the facts.

The appellee pleads that the Bolands made, executed, and delivered to the executor of the estate of Thomas Barton a writing, renewing and extending the mortgage, and an agreement on the part of the estate not to foreclose the note and mortgage. There is no dispute in the record that the writing was executed and delivered. It has been lost, and there is some dispute as to what it contained. It is the contention of the appellee that the writing signed by the Bolands provided they were to pay $100 on the first of December of the following year on the mortgage on the farm, and that the executor would not foreclose the mortgage for another year. The appellants claim, and we quote from their testimony, that "if I would pay one hundred dollars on the real estate mortgage they would not foreclose the chattel mortgage but would let it slide for that year." It will be noticed the only difference is that the appellants claim the payment was to be made on the real estate mortgage and appellee would not foreclose the chattel mortgage.

This court in two very recent decisions has collected and analyzed the cases relative to what admission is necessary to revive a promissory note which is barred by the statute of limitations.

Justice Donegan in the case of Koht v. Dean, 220 Iowa 86, 261 N. W. 491, and Justice Kintzinger, in the case of McClure v. Smeltzer, 222 Iowa 732, 736, 269 N. W. 888, 890, have reviewed the entire field in Iowa and have clearly set forth the position of our court upon this all-important matter. It is therefore unnecessary for us again to cover this same field, and we quote but briefly from the case of McClure v. Smeltzer, supra:

"In Senninger v. Rowley, 138 Iowa 617, loc. cit. 620, 116

N. W. 695, 697, 18 L. R. A. (N. S.) 223, we said: 'It is enough that such an admission is the natural and necessary inference from the writing. * * * So also of the letter offered in evidence. Its language contains a clear implication of the existence of the debt and the obligation of the writer to pay it. *To have the effect of an admission within our statute, it is not required that the writing specifically describe the debt or mention its exact amount, but the identification of the debt and of the amount due may be shown by extrinsic evidence.* These rules are too well established to call for a review of the authorities.' * * *

"In Doran v. Doran, 145 Iowa 122, loc. cit. 124, 123 N. W. 996, 25 L. R. A. (N. S.) 805, this court said: 'It is only necessary that the admission appear with reasonable certainty to relate to the debt in question, and, if such relation does reasonably appear, it is for the debtor insisting that the admission relates to some other indebtedness to show its existence.'

"In Koht v. Dean, 220 Iowa 86, loc. cit. 89, 92, 261 N. W. 491, 493, we said: 'The appellants contend that the letters, upon which the plaintiff * * * rely as admissions, do not amount to such, because they do not contain a direct admission of the debt; because, even if admissions, they are in the nature of an offer to compromise and not an additional admission of the debt in question. * * *

" 'It seems clear * * * that it is not essential that the writing upon which an admission is based expressly admit that the debt is unpaid, that it state the amount thereof, and that it specifically refer to the indebtedness which is involved. *It is sufficient that an admission that an indebtedness is unpaid is the natural and necessary inference from the writing.* The amount and items of the indebtedness and the fact that the writing relates to the indebtedness sued on may be established by extrinsic evidence.' "

In the cases cited the letters and instruments, upon which this court held the debt had been revived, were set out.

In the case at bar it is admitted that the written instrument was duly executed and signed. The appellants claim it provided for the payment of $100 on the real estate mortgage. There is no dispute as to what the real estate mortgage was. It was the mortgage upon the 80 acres securing the note sued upon in this case. All agree to that. However, the appellants say

that the agreement provided if they would pay the $100 on the real estate mortgage appellee would not foreclose a certain chattel mortgage he held. Appellee contends the agreement was if appellants would pay the $100 on the real estate mortgage he would not foreclose the real estate mortgage.

The lower court heard these witnesses and accepted the evidence of the appellee. The story of appellants is not convincing. They admit that the written instrument signed by them provided for the payment of $100 on the real estate mortgage. That in itself is an admission of the indebtedness owing. They then say the written instrument provided if they paid the $100 on the real estate mortgage, appellee would not foreclose the chattel mortgage. That seems rather unreasonable, for, if appellants wanted to protect the chattel mortgage from being foreclosed, they could have paid the $100 on the chattel mortgage. But, instead of doing that, they paid the $100 on the real estate mortgage. The writing executed was an admission of the indebtedness owing by the appellants. It is not necessary that the amount thereof be stated and that it specifically refer to the indebtedness which is involved. Under the rules of law established by this court in the very recent cases cited herein, "it is sufficient that an admission that the indebtedness is unpaid is the natural and necessary inference from the writing. The amount and items of indebtedness and the fact that the writing relates to the indebtedness sued on may be established by extrinsic evidence."

It necessarily follows that the lower court was right, and judgment and decree must be, and it is hereby, affirmed.—Affirmed.

STIGER, C. J., and all Justices concur.