## HEZEKIAH MARTIN *v.* BARTLETT BOWKER.

### IN CHANCERY.

Where a defendant, in his answer to a bill of foreclosure, insists that he has made payments upon the mortgage notes, and it is referred to a master to ascertain the sum due in equity, and he makes his report, to which no exceptions are taken, no question can be made upon that point in the supreme court, upon appeal.

Courts of equity act in analogy to the statute of limitations; and if, in a suit for the foreclosure of a mortgage, the lapse of time be such, that the orator could not maintain a suit at law for the recovery of the mortgaged premises, a court of equity would presume payment and satisfaction of the mortgage debt. This period is fixed, by our statute, at fifteen years.

But the payment of interest upon the debt, by the defendant, or of any portion of the principal, or any other act recognizing the existence of the mortgage and that it was unsatisfied and obligatory upon him, would be sufficient to repel the presumption of payment and take the case out of the operation of the statute.

APPEAL from the court of chancery. The bill was brought for the foreclosure of a mortgage, executed December 9, 1820; and the subpœna was dated November 21, 1844. The defendant answered, alleging that he had made various payments upon the mortgage notes each year from 1827 to 1831 inclusive, and also claims the benefit of the presumption arising from lapse of time. The answer was traversed, and testimony was taken; the substance of which is sufficiently detailed in the opinion of the court. It was referred to a master to ascertain the sum due in equity,—which he reported was $98,58; and no exceptions were taken to the report.

The court of chancery ordered, that the defendant pay the sum reported by the master by a time specified, or be foreclosed of all equity of redemption in the mortgage premises. From this decree the defendant appealed.

*E. Paddock* for plaintiff.

*T. Bartlett, Jr.,* and *Wm. O. Fuller* for defendant

Martin *v.* Bowker.

The opinion of the court was delivered by

KELLOGG, J. This was a bill for the foreclosure of a mortgage. The defendant, in his answer, admits the execution of the mortgage deed and notes, but insists that he made sundry payments upon the notes. The case was referred to a master, who reported the sum due in equity ; to which there were no exceptions. The sum thus reported must, therefore, be considered the sum due upon the mortgage securities, and upon which no question can now arise.

But the defendant, in his answer, insists upon the statute of limitations as a bar to this suit; and that is the only question raised for the consideration of this court.

It is well settled, that courts of equity act upon the analogy of the statute of limitations ; and if the lapse of time, in the case at bar, be such, that the orator could not maintain his suit at law for the recovery of the mortaged premises, then a court of equity would not sustain a suit for the foreclosure of the equity of redemption, but would, from such lapse of time, presume payment and satisfaction of the mortgage debt. This period is, by our statute, fixed at fifteen years. In the case at bar more than fifteen years elapsed after breach of the condition of the mortgage and before the commencement of this suit ; and consequently the suit would be barred, unless something has intervened to take the case out of the operation of the statute, or to repel the presumption of payment resulting from the lapse of time.

The payment of interest upon the debt, or any portion of the principal, by the defendant, or any other act recognizing the existence of the mortgage, and that the same is unsatisfied and is obligatory upon him, will be sufficient to repel the presumption of payment and take the case out of the operation of the statute.

The testimony in the case shows, that, in March, 1844, the orator and the defendant went into an accounting for the keeping of stock by the defendant for the orator, and for the defendant's personal services ; and that the amount found due upon such accounting was, by the consent of the parties, endorsed upon one of the mortgage notes. It was, then, a payment, to that amount, by the defendant, and was such a recognition of the mortgage, as would take it out of the operation of the statute. Again, the testimony shows, that there was talk between the parties of the defendant's taking up the mort-

gage notes and having new notes executed for the balance,—which the defendant declined, saying, " *the orator would feel easier to have the payment endorsed, and so keep the mortgage good."* This, then, was a recognition of both the notes and mortgage. But the case farther shows, that the defendant, in his answer, admits the making of payments, to be applied upon the notes, as late as 1831, which was less than fifteen years anterior to the commencement of this suit ; and that would be sufficient to take the case out of the statute of limitations.

Upon the whole, we are satisfied that the suit is not barred by the statute, and consequently that the decree of the chancellor should be affirmed.