KERNDT & BROS. v. PORTERFIELD ET AL.

1. **Mortgage**: STATUTE OF LIMITATIONS: PRIORITY OF LIENS. A note and mortgage which have become barred by the statute of limitations may be revived by an admission of indebtedness by the mortgagors, and the priority of the mortgage lien will thereby be preserved as against subsequent liens, taken before the mortgage became barred and not foreclosed until after it is revived. *Day v. Baldwin*, 34 Iowa, 380, distinguished.

*Appeal from Allamakee District Court.*

FRIDAY, JUNE 17.

ACTION in chancery to foreclose a mortgage executed by defendants Porterfield and wife. A decree was entered declaring plaintiff's mortgage junior to a mortgage under which one of the other defendants claims. Plaintiffs appeal. The facts of the case are stated in the opinion.

*Dayton & Dayton* and *L. E. Fellows*, for appellants.

*H. H. Stilwell*, for appellees.

BECK, J.—I. The promissory note secured by the mortgage, which plaintiffs seek to foreclose, was executed October 20th, 1865, and was due three years after date. The petition shows that the mortgagors executed a written promise to pay the debt, thereby reviving it, on the 22d day of January, 1879. C. O. Howard is made a defendant, the petition alleging that he has or claims to have a lien or interest in the property covered by the mortgage, inferior and subject to plaintiffs' mortgage.

Howard in his answer alleges that Porterfield and wife, on the 6th day of August, 1875, executed to him a mortgage upon the property involved in this action to secure two promissory notes made upon the same day, and that in February, 1879, he recovered a decree under which the property was sold on execution, May 10, 1879, and a sheriff's deed was executed to him on the 22d day of November, 1880. It is alleged and claimed in the answer that, as more than ten years had expired after the maturity of plaintiffs' note when it was revived by the new promise of payment, the mortgage became and was barred as against Howard and the rights he acquired under his mortgage.

Plaintiffs demurred to Howard's answer on the ground that it does not set up a sufficient defense to the action. The demurrer was overruled and thereupon a decree was entered declaring plaintiffs' mortgage to be inferior to Howard's title acquired under his mortgage.

II. The question presented by the case is this: Did the new promise of Porterfield remove the bar of the statute of limitations as against Howard, so that plaintiffs' mortgage may be enforced as a prior lien on the property?

1. MORTGAGE: statute of limitations: priority of liens.

It will be observed that Howard's mortgage was executed before the expiration of ten years from the maturity of plaintiffs' note secured by his mortgage; that the new promise was made after the expiration of that time, and that the foreclosure of Howard's mortgage and the sheriff's sale and deed were after the new promise reviving the debt due to plaintiffs. Will the new promise revive the mortgage as against the junior mortgage, executed before the period of limitation had run against the senior mortgage?

An action to foreclose a mortgage is not barred by the statute of limitations so long as the debt remains unpaid and capable of being enforced. *Brown v. Rockhold*, 49 Iowa, 282; *Clinton County v. Cox*, 37 Iowa, 570. The mortgage is an incident of the debt and follows it, and its existence as a lien is only terminated when the debt ceases to be enforceable.

As between the mortgagor and mortgagee it cannot be doubted that a new promise which is sufficient to revive the debt will also revive the mortgage. It seems that the same rule ought to prevail against all persons interested in the mortgaged property unless there exist reasons which in equity would render it unconscionable to enforce the mortgage lien as against their interest. If such a rule did not prevail the mortgage would not continue as long as the debt existed, and the mortgagee would be deprived of the security provided for the debt. We think, however, that equities may arise which would defeat or suspend the lien in order to protect the interest of others. It may be, but the point we do not decide, that one acquiring an interest in mortgaged property after foreclosure of the mortgage is barred by the statute, and before a new promise is made, would hold by a right superior to the mortgagee after his debt is revived by a new promise. But the case is different where one acquires such an interest before the action upon the mortgage is barred, and after the period of limitation has run the debt is revived by a new

promise. In such a case the debt was enforceable when the interest of the adverse claimant was acquired with full notice of the mortgage lien. When his interest was acquired, he took it subject to the mortgage, with the knowledge that the debt could be revived by a new promise and the mortgage lien would stand as long as the debt existed. When the mortgage is foreclosed under a new promise removing the bar of the statute, he is in no different condition than he was in when he acquired his interest. If he was satisfied to acquire his interest while it was subject to the mortgage, he ought to be content to hold it in that condition. He can urge no equity which will relieve his property from the lien of the mortgage. *Waterson v. Kirkwood,* 17 Kan., 9; *Schumaker v. Sibert,* 18 Kan., 104. See *Mahon v. Cooley,* 36 Iowa, 479. It seems that a different rule is recognized in California. See *Wood v. Goodfellow,* 43 Cal., 185.

III. *Day v. Baldwin,* 34 Iowa, 380, is relied upon by defendant's counsel to support a different view. Its decision is based upon other principles than those which prevail in this case.

In that case the mortgagee by his admissions in his answer to the action to foreclose removed the bar of the statute. This we held he could not do so as to affect the interest of his co-defendant, for the reason that he had no interest in the property and was not a necessary party to the action, and by his pleadings did not show that he was even a proper party. It further appears that the admissions in the pleadings which removed the bar of the statute were made after the adverse title had been fully perfected and vested in the claimant. In the case before us it is not disputed that the mortgagees were authorized to make the written admission of the debt, and it is shown that Howard's title under which he claims was perfected after the admissions were made. The equities which, in that case, we held would not permit the removal of the bar of the statute, are not found in the record before us.

It is our opinion that the District Court erred in over-ruling plaintiffs' demurrers to the answer of defendant Howard. Its judgment, therefore, will be reversed and the cause will be remanded for a decree in accord with this opinion.

REVERSED.