Present: ROYCE, Ch. J., ROSS, POWERS, VEAZEY, TAFT, ROWELL and WALKER, JJ.

STEPHEN R. HOLLISTER *v.* EDSON YORK AND OTHERS.

[IN CHANCERY.]

*Mortgage. Statute of Limitations.*

A payment of the interest or part of the principal of a mortgage debt by one of several parties who are interested in an equity of redemption, and who have had constructive notice, repels the presumption that the mortgage has been paid, and takes the case out of the operation of the Statute of Limitations, not only as to the payer, but as to all the owners of the equity.

BILL to foreclose a mortgage. Heard on the pleadings and a special master's report, March Term, 1885, Washington County, POWERS, Chancellor. Decree *pro forma*, that the bill be dismissed. The facts are stated in the opinion.

*J. P. Lamson*, for the orator.

So long as the relation of mortgagor and mortgagee exists the statute does not commence to run. 2 Jones Mort. s. 12; *Waldo* v. *Rice*, 14 Wis. 286; *Green* v. *Turner*, 38 Iowa, 112; *Crawford* v. *Taylor*, 42 Iowa, 260. The payments made by Calvin affect Mahala and Edson the same as though made by them. 2 Jones Mort. ss. 1198, 1201; *Pears* v. *Lainge*, L. R. 12 Eq. 51; *Martin* v. *Bowker*, 19 Vt. 526; *Harrington* v. *Slade*, 22 Barb. 161; 32 Conn. 288; *Bacon* v. *McIntire*, 8

Met. 87; *Hughes* v. *Edwards*, 9 Wheat. 146, 489; *Converse* v. *Cook* 8, Vt. 164.

*S. C. Shurtleff*, for the defendants.

There can be no foreclosure of the land purchased by the said Mahala. As to this, the debt is conclusively presumed to be paid. *Whitney* v. *French*, 25 Vt. 663. She never, in any way, acknowledged the mortgage, and did not know of its existence. The mortgage then would rest on the balance of the real estate. *Lyman* v. *Lyman*, 32 Vt. 79; *Root* v. *Collins*, 34 Vt. 173.

The opinion of the court was delivered by

ROYCE, Ch. J. The mortgage which the orator seeks to foreclose was executed July 30, 1854, by Ira Batchelder to Jeremiah Carleton, to secure the payment of three promissory notes payable to said Carleton. The orator purchased of said Carleton two of said notes for the sum of $300, September 25, 1863. There was then due on said notes $340.40, but the orator only asks to have the $300 and annual interest allowed. Some portion of the mortgaged premises was owned by, and had been in the possession of, the defendant Mallory and his grantees since 1865; and the bill as to him was dismissed. The only contention is as to the remaining portion of the mortgaged premises.

July 12, 1866, one Bemis, who was then the owner, conveyed by deed of warranty eight acres of the same to Calvin York. January 16, 1861, D. B. Pitkin and wife, who were then the owners, conveyed to Mahala York, the then wife of Calvin York, six acres of the same, and on the same day Pitkin and wife conveyed the remainder of the mortgaged premises lying in lot four of the fifth range to Calvin York. February 18, 1875, Calvin York and wife conveyed the premises that had been so conveyed to them to their son Edson, and on the same day Edson executed a mortgage to the said Calvin and Mahala of the same premises to secure their maintenance during life, which was the consideration for the conveyance to

Hollister *v.* York and others.

him; and in addition to the stipulation contained in said mortgage, agreed with the said Calvin, by parol at the time of the execution of the mortgage, to assume and pay a certain debt of the said Calvin to the orator, at the time represented to him to be about $100, and not to exceed that sum. The said Mahala, Calvin and Edson have been in the possession of the premises ever since the respective conveyances to them. Calvin died about July, 1876, and Mahala since the commencement of this suit. The defendants, Mahala and Edson, by their answer, claimed payment and the benefit of the Statute of Limitations. Whether either defence is available must depend upon the facts found and reported by the master.

It is found that at the time Pitkin conveyed to Calvin and Mahala, Pitkin paid Carleton one of the notes secured by the mortgage, and that Calvin assumed and agreed to pay $300 of the Carleton mortgage; that after the two notes passed into the hands of the orator, Calvin had conversation with him in relation to them, and acknowledged that it was his duty to pay them, and on October 31, 1871, paid the orator $78, which was endorsed upon the $100 note; and that, July 6, 1874, Calvin York paid the orator $95 on this mortgage. This last finding was made upon the testimony of the orator against the defendants' objection, but no question has been made as to its admissibility. That an endorsement was made upon one of the notes, with the consent of Edson, October 1, 1876, of $17.50, for money that was then due from the orator to Edson, he then supposing it was being made upon the $100, which he had assumed and agreed to pay, and which he then acknowledged and promised the orator to pay. Neither Mahala nor Edson had any other knowledge than what the record furnished of the existence of the mortgage. It is not found that any payments have been made except those that have been applied upon the notes; so the defence must rest upon the claim that the right is barred by the Statute of Limitations.

It was held in *Martin* v. *Bowker*, 19 Vt. 526, that while courts of equity act upon a principle of analogy to the Statute

of Limitations, and if the lapse of time has been such that a suit at law could not be maintained for the recovery of the mortgaged premises, a court of equity would not sustain a suit for the foreclosure of the equity of redemption, but would presume payment and satisfaction of the mortgage debt; but that the payment of interest upon the debt, or any portion of the principal, or any other act recognizing the existence of the mortgage, and that it was unsatisfied and obligatory, would be sufficient to repel the presumption of payment, and take the case out of the operation of the statute.

In 2 Jones on Mort., sec. 1198, it is said that a payment of interest or part of the principal, renews the mortgage, so that an action may be brought to enforce it within the statutable period thereafter, and that this rule is universally recognized; and that where there are several persons interested in the equity of redemption, such payment by one of them keeps alive the right of entry not only against him, but also against all other owners of the equity.

The record was constructive notice of the existence of the mortgage. The orator had no other claim against the Yorks but the mortgage notes, and he had a right to understand that the payments made by them were intended to apply upon these, and to treat them as an admission of the debt and their liability to pay it. The orator could not be deprived of the security given by the mortgage by any conveyances that might be made by the mortgagor or his grantees. As affecting his security, he was not bound to inquire what conveyances had been made; and when the statute bar was removed he was entitled to all the security given by the mortgage.

The mortgage having been renewed by the payments made, that portion of the premises deeded to Mahala is equally liable with the portion deeded to Calvin for the payment of the debt secured by the mortgage.

Decree reversed and cause remanded, with a mandate in accordance with the views above expressed.