W. H. BLAISDELL *v.* JACOB GREENWOOD and JULIETTE S. ALDRICH.

October Term, 1897.

Present: ROSS, C. J., ROWELL, TYLER, MUNSON, START and THOMPSON, JJ.

*Mortgage—When Right of Entry Barred by Lapse of Time—Presumption of Payment Rebutted by Decree.*

A decree of foreclosure, rendered within fifteen years, as between the parties thereto and all claiming under them, rebuts the presumption of payment arising from lapse of time no less effectually than a voluntary recognition of the debt. The rule is applied in favor of the orator, who had purchased the premises and mortgage, after decree, by request of one of the defendants, under an agreement that the mortgage should be reinstated.

PETITION to foreclose a mortgage. Heard upon pleadings and master's report at the February Term, 1897, Orleans County, before *Taft*, Chancellor. The bill was dismissed as to the defendant Aldrich, and a decree rendered as against the defendant Greenwood. The orator appealed.

*B. F. D. Carpenter* and *W. W. Miles* for the orator.

*F. W. Baldwin* for the defendant.

START, J. The orator's right of entry into the house and premises now claimed by defendant Aldrich is barred by lapse of time, in analogy to the statute of limitations, unless the presumption of payment of the mortgage debt is repelled by former foreclosure proceedings brought and prosecuted to final decree within fifteen years before the commencement of this suit.

It appears, that, on the 21st day of September, 1869, defendant Greenwood was owner of the premises now claimed by defendant Aldrich, and on that day mortgaged the same, with certain other premises then owned by him, to Charles P. Allen to secure the payment of certain notes;

that said mortgage and notes were duly assigned to Sarah M. Wade, and she brought her petition to foreclose said mortgage at the February term, 1876, of the court of chancery for Orleans county, and made Silas Works (who then held the title to the premises in dispute under a conveyance from Greenwood, subsequent to the date of the mortgage, and under whom defendant Aldrich claims title) a defendant therein; that said court entered a decree of foreclosure against said Works and other parties, which became absolute on the 5th day of October, 1878, and was duly recorded in the county clerk's office and in the clerk's office in the town where the land is situate; that in February, 1879, the orator, at the request of defendant Greenwood, purchased of said Wade all the land described in said decree of foreclosure and the notes secured by said mortgage; and that it was agreed between the orator and Greenwood that the orator should stand as mortgagee and Greenwood as mortgagor of the premises.

The orator's grantor having thus asserted her right to the premises in question within fifteen years before the date of the orator's bill, by foreclosure suit against Works, under whom defendant Aldrich claims title, and it having been judicially determined in that suit that the debt secured by the mortgage was due and unpaid, and it having been ordered, that, unless Works pay the same, he, and all persons claiming under him, be foreclosed from all equity of redemption in the premises, the orator's right to enter into the possession of the premises, if the mortgage debt is not paid pursuant to the order of the court, is not barred by lapse of time. The enforced recognition and determination of the continued existence of the debt secured by the mortgage by judicial proceedings, inure to the benefit of the orator and are binding upon defendant Aldrich.

In equity, the claimed rights of a mortgagee are not disregarded because of lapse of time, unless the rights are suffered to lie dormant for fifteen years without attempt to

enforce them, or without a recognition of their existence by the mortgagor, or those standing in his right to the mortgaged premises. When a court of equity denies relief to a mortgagee because of lapse of time, it does so, only, when silence and want of recognition of the mortgage and the mortgagee's rights under it, by both mortgagee and mortgagor for fifteen years, afford a conclusive presumption of payment of the mortgage debt; but, in this case, we cannot presume that the debt secured by the mortgage is paid. The enforced recognition of the mortgage debt in the foreclosure suit rebuts the presumption of payment, and is as effectual to remove the bar by lapse of time as a voluntary recognition of the existence of the mortgage debt; and the judicial determination in the former foreclosure suit that the debt was due and unpaid is, in equity, as effectual to remove such bar as a new promise, or acknowledgment of the existence of the mortgage debt. By the foreclosure suit, Works was called upon to admit or deny the allegation that the debt secured by the mortgage was due and unpaid. He did not deny it, and his silence was taken as a confession that the debt was still due and owing; and, thereupon, it was so adjudged. This was an admission that the mortgage debt had not been paid, and a recognition of the mortgagee's rights under the mortgage; and although it was an enforced admission and recognition of the mortgage debt, it was none the less effectual to repel the presumption of payment.

*In re Chickering*, 56 Vt. 82, it is held that the bringing of a suit by the trustees of the bondholders to foreclose the mortgage, prevents the running of the statute of limitations as to all the bondholders, although, after an appeal to the supreme court and mandate establishing the mortgage, the suit was discontinued without a decree being drawn up and enrolled. In *Martin* v. *Bowker*, 19 Vt. 526, it is said that payment of interest upon the debt, or any portion of the principal, by the defendant, or any other act recognizing

the existence of the mortgage, and that the same is unsatisfied and obligatory upon him, will be sufficient to repel the presumption of payment and take the case out of the operation of the statute. In *Hollister* v. *York*, 59 Vt. 1, it is held that payment of interest or part of the principal of a mortgage debt by one of several parties who are interested in the equity of redemption, and who have had constructive notice, repels the presumption that the mortgage debt has been paid and takes the case out of the operation of the statute of limitations, not only as to the payer, but as to all the owners of the equity. The holding in *Kendall* v. *Hathaway*, 64 Vt. 522, is to the same effect; and the cases there cited sustain the holding that the enforced recognition of the mortgage debt by the foreclosure suit is binding upon defendant Aldrich.

*Decree reversed and cause remanded with mandate.*