EDWARD J. MCLAUGHLIN, APPELLEE, V. SOLOMON SENNE ET AL., APPELLEES; KATE E. PETTIS, APPELLANT.

FILED MARCH 21, 1907. No. 14,726.

1. **Limitation of Actions: PARTIAL PAYMENTS.** Part payment on a debt secured by real estate mortgage, when made by one having authority to bind the property, tolls the statute limiting the time within which suit for foreclosure of the mortgage may be brought.

2. ———: **MORTGAGES.** Ordinarily the owner of the equity of redemption has authority to bind the property by such payment, and a payment by him on the mortgage debt before the statute has run is binding on the property, and tolls the statute as against a subsequent mortgagee with notice of the prior mortgage.

3. **Mortgages: PRIORITIES.** Findings examined, and *held* insufficient to sustain a decree giving plaintiff's mortgage priority.

APPEAL from the district court for Douglas county: ABRAHAM L. SUTTON, JUDGE. *Reversed with directions.*

*Fawcett & Abbott,* for appellant.

*Walsh Bros., Baldrige & De Bord* and *Charles H. von Mansfelde, contra.*

ALBERT, C.

In a suit brought by Edward J. McLaughlin for the foreclosure of a real estate mortgage, there was a contest between him and Mrs. Kate E. Pettis as to the priority of the mortgages respectively held by them. The Pettis mortgage is prior in point of time, but the trial court held that, as to McLaughlin, it was barred by the statute of limitations, and gave priority to the McLaughlin mortgage. Mrs. Pettis appeals.

No bill of exceptions was preserved, the appellant's theory being that on the facts found by the trial court her mortgage is entitled to priority. The findings are unnecessarily voluminous, and not restricted to the ultimate facts upon which the rights of the parties depend, but include much that is purely evidentiary. So far as seems necessary to an understanding of the grounds upon which our conclusion rests, the findings are, in effect, as follows: (1) On the first day of October, 1888, one Walker executed and delivered to the appellant, Mrs. Pettis, a certain note, due and payable three years after date, and to secure the payment thereof executed and delivered to her a certain mortgage (The Pettis mortgage) on the premises in question, which on the same day was duly filed for record. (2) On the 6th day of December, 1889, Walker conveyed the premises to Tukey and Allen by quitclaim deed, which was duly recorded on the 14th day of that month. (3) On the second day of October, 1890, Tukey and Allen conveyed the property to one Senne, who on the same day executed and delivered to Tukey and Allen a mortgage thereon to secure a note given for a part of the purchase price. (It stands admitted that this mortgage was duly recorded on the 18th day of October, 1890, and on the following day was duly assigned to one Thompson, who in January,

1891, duly assigned the same to the plaintiff in this case.) (4) On the 3d day of July, 1896, Senne reconveyed the premises to Tukey and Allen by warranty deed, wherein the grantees assumed and agreed to pay the McLaughlin mortgage, which deed was recorded on the 14th day of March, 1898. (5) On the 1st day of April, 1899, Tukey and Allen conveyed the property to John P. Lampman by warranty deed, which was recorded April 3, 1899. (6) In 1896, and subsequently to June 3, of said year, Tukey and Allen paid Mrs. Pettis the interest on her mortgage debt to October 1, 1897. In the year 1897 they paid her the instalment of interest due thereon on the 1st day of April of that year. In 1898 they paid her the instalment of interest due on the 1st days of April and of October of that year.

From the foregoing facts found it will be seen that the right to enforce the Pettis mortgage debt against the property became barred on the 1st day of October, 1901, unless it was interrupted by the payments, or some of the payments, made by Tukey and Allen. It is contended that such payments were ineffective to prevent the running of the statute in favor of the holder of the McLaughlin mortgage, and that contention presents what we regard as the decisive question in this case. That question, we think, must be resolved in favor of Mrs. Pettis. Our statute of limitations makes a distinction between an action *in personam* and one *in rem* for the enforcement of a debt secured by mortgage. The former, if founded on a written instrument, must be brought within five years (code, sec. 10), otherwise in four years after its accrual; the latter within ten years (code, sec. 6). Section 22 of the code provides: "In any cause founded on contract, when any part of the principal or interest shall have been paid, or an acknowledgment of an existing liability, debt or claim, or any promise to pay the same, shall have been made in writing, an action may be brought in such case within the period prescribed for the same, after such payment, acknowledgment or promise." The effect of part

payment is to toll the statute, not only with respect to an action *in personam* for the enforcement of the debt, but also with respect to a proceeding *in rem* for that purpose. *Teegarden v. Burton,* 62 Neb. 639. Where the action is *in personam,* it is quite clear, both on reason and authority, that to toll the statute the payment must have been made by the debtor himself, or by some one acting by his authority. *Mizer v. Emigh,* 63 Neb. 245; *Moffitt v. Carr,* 48 Neb. 403; *Whitney, Clark & Co. v. Chambers,* 17 Neb. 90; *Stevenson v. Craig,* 12 Neb. 464.

But that rule has no application where the proceeding is *in rem,* as it is in this case so far as the mortgages contesting for priority are concerned. In such case, the question is not whether the payment was made by some one having authority to bind another, but whether it was made by some one having power or authority to bind the property. One of the legal incidents of a mortgage is the right of the holder of the legal title to redeem from the mortgage, and this carries with it the right to make payments on the mortgage debt from time to time to protect the equity of redemption. This right of itself is. authority to bind the property by payments on the debt. The notice imparted by the record of a mortgage carries with it notice of this right, and, ordinarily, subsequent mortgagees take subject to it, when thus charged with notice. The rule is thus stated in *Hollister v. York,* 9 Atl. 2, 59 Vt. 1: "A payment upon a mortgage debt of interest, or any portion of the principal, by any person interested in the equity of redemption, and having constructive notice of the mortgage, repels the presumption that the mortgage has been paid, and takes the case out of the operation of the statute of limitations, not only as to the payer, but as to all the owners of the equity." See, also, 2 Jones, Mortgages (6th ed.), sec. 1198; *Richmond v. Aiken,* 25 Vt. 324; *Kerndt v. Porterfield,* 56 Ia. 412; *Hughes v. Edwards,* 9 Wheat. (U. S.) 489; *Waterson v. Kirkwood,* 17 Kan. 9. Whether a payment on a mortgage debt after its enforcement *in rem* has become barred would revive it as

against a subsequent mortgage in existence at any time after the statute had run and before such payment was made, is a question not necessarily involved in this case and not decided. Neither do we undertake to enumerate the exceptions to the general rule, founded on estoppel and other equitable grounds, because the facts in this case do not bring it within any such exceptions.

Tukey and Allen, by Senne's conveyance to them in 1896, were reinvested with the legal title to the premises, and consequently the right to redeem from the Pettis mortgage. They held the title from that date to April 1, 1899, during which time they made several payments on the mortgage debt, all of which were made while the mortgage was in full force and effect as a charge against the premises. As holders of the equity of redemption, they had power to bind the property by such payments, and thereby interrupt the running of the statute in favor of the McLaughlin mortgage. The statute would run against proceedings *in rem* to enforce the Pettis mortgage ten years from the date of the last of such payments, and beyond the date of the commencement of the present proceedings.

It follows that the decree of the district court giving priority of the McLaughlin mortgage is erroneous, and we recommend that it be reversed and the cause remanded with directions to enter a decree in accordance with this opinion.

DUFFIE and JACKSON, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the decree of the district court is reversed and the cause remanded, with directions to enter a decree in accordance with this opinion.

REVERSED.