[Civ. No. 3351.    Second Appellate District, Division One.—September 11, 1920.]

## HARRIET W. COTCHER, Respondent, v. H. M. BARTON, Appellant.

[1] MORTGAGE—EXTENSION OF TIME OF PAYMENT—BAR OF NOTE BY STATUTE OF LIMITATIONS.—A mortgage given to secure the payment of a promissory note is a contract distinct and separate from the note which may be extended or continued as provided in section 360 of the Code of Civil Procedure, although the statute of limitations has run against the note.

[2] ID.—GRANT OF MORTGAGED PREMISES—PAYMENT OF INTEREST BY GRANTEE.—Where mortgaged premises were conveyed to a third person by a deed which made no reference to the mortgage and thereafter at regular quarterly intervals until three months before the running of the statute of limitations against the note the grantee made remittances of the interest on the note to the mortgagee by checks inclosed in letters which recited that the checks

---

2. Effect of giving a check for an indebtedness, or part thereof, to toll the statute of limitations upon the original indebtedness, notes, 15 Ann. Cas. 332; 18 L. R. A. (N. S.) 223.

were in payment of accrued interest upon the mortgage, such acts of the grantee were sufficient to interrupt the running of the statute of limitations against the mortgage.

APPEAL from a judgment of the Superior Court of San Bernardino County. J. W. Curtis, Judge. Affirmed.

The facts are stated in the opinion of the court.

C. C. Haskell for Appellant.

C. E. Chapman and Halsey W. Allen for Respondent.

SHAW, J.—Action to foreclose a mortgage. Judgment went for plaintiff, from which defendant appeals.

It appears that on November 18, 1908, the Security Investment Company of Redlands made and delivered to plaintiff its promissory note in the sum of $10,000, payable three years after said date and bearing interest at the rate specified therein, which interest by the terms of the note was payable quarterly. On the same date said Security Investment Company executed and delivered to plaintiff a mortgage on the real estate described therein to secure the payment of said note, which mortgage was, on the nineteenth day of November, 1908, duly recorded in the recorder's office of San Bernardino County, wherein the real estate described was situated. Thereafter, on September 27, 1911, said Security Investment Company executed and delivered a grant deed, wherein no reference to the mortgage was made, conveying all its title to the property in question to defendant, who from thence up to August 18, 1915, at regular quarterly intervals paid to plaintiff the interest as called for by the terms of the note. No payments on account of accrued interest, however, were made subsequent to said last-mentioned date, nor were any payments ever at any time made on account of the principal of the note. The original complaint to foreclose the mortgage was filed on December 26, 1918, some seven years after the maturity of the note, which, according to its terms, became due and payable November 18, 1911. On January 27, 1919, an amended complaint was filed wherein, in addition to the usual allegations found in complaints for the foreclosure of such liens, and for the purpose of meeting the bar of the statute of limitations, which otherwise might be invoked by

demurrer upon such ground, it was alleged that defendant H. M. Barton, on February 18, 1915, "acknowledged to the plaintiff the existence of said mortgage, and agreed to pay the same; and likewise on, to wit: May 17, 1915, and again on, to wit: August 18, 1915, said defendant acknowledged to the plaintiff the existence of said mortgage, and promised to pay the same. Said acknowledgments were contained in several writings signed by said defendant H. M. Barton"; all of which allegations were denied by defendant in his answer, in addition to which, as a defense to the cause of action, he alleged that the cause of action set up in the amended complaint was barred by the provisions of subdivision 1 of section 337, subdivision 4 of section 338 and by subdivision 1 of section 339, all of the Code of Civil Procedure. The court, upon the issue so joined by such allegations of the complaint and denial thereof, found: "That on February 18, 1915, May 17, 1915, and August 18, 1915, the defendant, H. M. Barton, acknowledged to the plaintiff the existence of plaintiff's said mortgage, by writing letters on said dates, signed by defendant and addressed and mailed to plaintiff, Harriet W. Cotcher, and received by her, in each of which said letters defendant said that he inclosed check for $175 interest due on the mortgage on the Oxford Block, meaning the mortgage sued on in this action. That each of said letters contained a check for $175, signed by defendant, payable to plaintiff, and the same were received by plaintiff on or about said dates. That said letters and checks contained the only acknowledgment or promise to pay the note and mortgage sued on, made at any time by defendant." Upon this probative finding and the evidence adduced in support thereof, the court, as an ultimate fact, found "that plaintiff's cause of action is not barred by the provisions of subdivision 1 of section 337, or of subdivision 4 of section 338, or of subdivision 1 of section 339 of the Code of Civil Procedure."

The sole contention of appellant is that the evidence is insufficient to support this finding.

The action is merely to foreclose the lien of the mortgage. No personal judgment is sought, either against the maker of the note or against defendant, and since, as to the maker of the note, in the absence of any facts pleaded tolling the statute, or acts on its part constituting an acknowledgment

or promise continuing the contract, as provided in section 360 of the Code of Civil Procedure, an action to recover on the principal obligation evidenced by the note was concededly barred when the complaint was filed, appellant, invoking the provisions of section 2911 of the Civil Code, which provides that "a lien is extinguished by the lapse of time within which, under the provisions of the Code of Civil Procedure, an action can be brought upon the principal obligation," strenuously insists that, even though defendant did in writing signed by him acknowledge the existence of the mortgage, as alleged, an action to foreclose the mortgage given to secure its payment was likewise barred. In other words, if the holder of a note secured by a mortgage given by a third party allows the statute to run against the note, then and in such case no acknowledgment or promise made by the mortgagor, as provided in said section 360, could be deemed evidence of a continuing contract as to the mortgage. **[1]** We cannot agree with appellant's contention. While the mortgage may be said to be incidental to the note, it is a distinct and separate contract. Particularly is this true where, as here, the mortgaged property has been conveyed and is held by one other than the maker of the note and mortgage. The note is a contract to pay money. While the mortgage is a contract creating a lien upon the real estate described therein to secure performance of an act, no personal obligation to perform the same is implied thereby. (Sec. 2890, Civ. Code.) Facts may exist which toll the statute as to the note, as where the maker is out of the state, but do not apply to a mortgagor who remains in the state. *Wood* v. *Goodfellow,* 43 Cal. 185, is to the effect that where third persons have acquired interests in mortgaged property subsequent to the mortgage, they may invoke the aid of the statute of limitations as against a mortgagee, even though the mortgagor, as between himself and the mortgagee, may have waived its protection. Other cases illustrative of the principle are: *Ward* v. *Waterman,* 85 Cal. 488, 507, [24 Pac. 930]; *Watt* v. *Wright,* 66 Cal. 202, [5 Pac. 91]; *George* v. *Butler,* 26 Wash. 456, [90 Am. St. Rep. 756, 57 L. R. A. 396, 67 Pac. 263]; *Gruner* v. *Westin,* 66 Tex. 217, [18 S. W. 512]; *Senninger* v. *Rowley,* 138 Iowa, 617, [18 L. R. A. (N. S.) 223,

116 N. W. 695]; *Sparks* v. *Pico*, 22 Fed. Cas. No. 13,211; *Foster* v. *Bowles*, 138 Cal. 347, [71 Pac. 494].

It follows, we think, that as subsequent grantee of the mortgagor, defendant's relation to the mortgage was the same as though he in the first instance had executed the same on his own property, thereby creating a lien as security for the performance of the obligation of the Security Investment Company, maker of the note. That the promissory note evidencing the obligation to pay the money and the mortgage creating the lien must under the circumstances be deemed separate and distinct contracts as to which the party to either contract, without affecting the right of the other to plead the statute, might continue or extend the contract to which he was a party by complying with the provisions of said section 360. While it has been frequently held, as provided in said section 2911, that the lien of a mortgage is extinguished when the principal obligation is barred, in none of them, so far as we are advised, was presented the question here involved, namely: the continuance or extension of the mortgage lien by written acknowledgment of its existence to a time beyond that when the principal obligation is barred. Hence we hold that such cases are not applicable to the facts here presented.

Since we hold that, notwithstanding the note was barred, the mortgage was a contract which could be extended or continued, as provided in section 360, the next question is, Were the acts of defendant such as to justify the court in concluding that it was continued and the action thereon taken from the operation of the statute? The note was barred on November 18, 1915. It appears without contradiction that on the eighteenth days of February, May, and August, 1915, defendant transmitted to plaintiff his checks drawn in her favor for $175, stating in letters transmitting the same that they were in payment of the interest due on said dates upon the mortgage in question. The facts thus established are identical with those involved in *Barron* v. *Kennedy*, 17 Cal. 574, except in the latter case the action was against the mortgagor, there being no transfer of the property, and the payment of interest by checks was after the statute had fully run against the note and mortgage. In deciding this case, Chief Justice Field, speaking for the court, said: "Part payment has always been held sufficient

to take the debt, on which it is made, out of the statute. Unless accompanied at the time by qualifying declarations or acts on the part of the party making the payment, it is deemed an unequivocal admission of a subsisting contract or liability, from which a jury is justified and bound to infer a new promise. The authorities are uniform to this point. And it matters not whether the payment be either upon the principal or interest of the debt''; in support of which a number of cases are cited. The language here used was quoted with approval in *Concannon* v. *Smith,* 134 Cal. 14, [66 Pac. 40], wherein it is further held that under section 360, *supra,* the ''acknowledgment or promise'' must be ''contained in some writing signed by the party to be charged.'' It is not essential that the acknowledgment or promise should be formal, but it is sufficient if it shows the writer regards or treats the contract as subsisting, from which a promise may be implied. (*Manchester* v. *Braedner,* 107 N. Y. 346, [1 Am. St. Rep. 829, 14 N. E. 411].) If payments of interest so made after the statute has fully run are sufficient to renew the contract, in which case the action is upon the new promise (*Rodgers* v. *Byers,* 127 Cal. 528, [60 Pac. 42]), it is equally true, we think, that where such payments are made prior to the running of the statute, they are likewise sufficient to constitute a waiver of the statute in so far as it has run, and to continue the contract within the statutory time from the date when such acknowledgment of the existence thereof was made (*Dern* v. *Olsen,* 11 Idaho, 358, [Ann. Cas. 1912A, 1, L. R. A. 1915B, 1016, 110 Pac. 164]), in which case the action is upon the original contract. (*Southern Pacific Co.* v. *Prosser,* 122 Cal. 413, [55 Pac. 145].) [2] In our opinion, the defendant's checks and letters written to the plaintiff, wherein he stated they were in payment of the accrued interest upon the mortgage, were sufficient within the meaning of section 360 of the Code of Civil Procedure to constitute an acknowledgment in writing of the existence of the contract, creating a lien upon his property, and interrupt the running of the statute in bar of the action, thus extending the time for a period of four years from the date of such acknowledgment.

The judgment is affirmed.

Conrey, P. J., and James, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on November 9, 1920.

All the Justices, except Sloane, J., concurred.