[Civil No. 2194.  Filed March 27, 1925.]

[234 Pac. 553.]

# CONSOLIDATED NATIONAL BANK OF TUCSON, a Corporation, EAGLE MILLING COMPANY, a Corporation, LEO GOLDSCHMIDT and ALBERT STEINFELD & CO., a Corporation, Appellants, v. VADER H. VAN SLYKE, Appellee.

1. APPEAL AND ERROR—TRIAL COURT'S FINDING CONCLUSIVE IF SUSTAINED BY EVIDENCE.—The appellate court is bound by findings of fact of trial court if there is any reasonable evidence to sustain them.

2. MORTGAGES—FACTS HELD NOT TO SHOW MERGER OF MORTGAGE WITH TITLE TO PROPERTY.—Where trial court found that one purchasing mortgage and legal title to property had no intention that there should be a merger, and, during time in which purchaser held legal title, mortgage had been assigned to another, no merger of title took place.

3. LIMITATION OF ACTIONS—PRESENT OWNER OF MORTGAGED PROPERTY IS PARTY TO BE CHARGED AS REGARDS WAIVER OF LIMITATIONS BY ACKNOWLEDGMENT.—As regards waiver of limitations against one seeking to foreclose a mortgage, by written acknowledgment, under Civil Code of 1913, paragraph 726, the present owner of title to mortgaged property is the "party to be charged" and one required to sign acknowledgment.

4. LIMITATION OF ACTIONS—ACKNOWLEDGMENT EXTENDING TIME TO FORECLOSURE HELD NOT REQUIRED TO COMPLY WITH FORM REQUIRED BY STATUTE, WHERE MADE BEFORE EXPIRATION OF STATUTORY PERIOD.—Where written acknowledgment under Civil Code of 1913, paragraph 726, waiving limitations as against one seeking foreclosure of mortgage, was made before statutory period expired, the acknowledgment did not need to comply with form required by paragraph 4093.

5. LIMITATION OF ACTIONS — ACKNOWLEDGMENT BY SUBSEQUENT GRANTEE BEFORE RUNNING OF STATUTE OF LIMITATIONS HELD TO TOLL STATUTE AS TO JUNIOR LIENHOLDERS.—Where, before running

---

2.  Merger of estates as applied to mortgages, see note in 7 Ann. Cas. 702.  See, also, 19 R. C. L. 487.

5.  See 19 R. C. L. 465.

of statute of limitations, junior liens attached to mortgaged land, an acknowledgment made by a subsequent grantee, before the statute had run, tolled the statute as to junior lienholders, since defense of limitations is not one of right but of repose, and waiver of limitations in favor of prior lien does not impose an inequitable burden upon junior lienholder, knowing that prior lien was still enforceable.

See (1) 4 **C. J.**, p. 879.    (2) 27 **Cyc.**, p. 1379.    (3) 25 **Cyc.**, p. 1361 (1926 Anno.).    (4) 25 **Cyc.**, p. 1361 (1926 Anno.).    (5) 25 **Cyc.**, pp. 984, 1361.

APPEAL from a judgment of the Superior Court of the County of Pinal. O. J. Baughn, Judge. Affirmed.

Messrs. Kingan, Campbell & Connor and Mr. F. M. Hartman, for Appellants.

Messrs. Chalmers, Stahl, Fennemore and Longan and Mr. Luther P. Spalding, for Appellee.

LOCKWOOD, J.—On February 16, 1912, one Roy Sibley executed a mortgage on certain unpatented mining claims in Pinal county to secure the payment of four notes, due, respectively, June 15, 1912, September 1, 1912, December 15, 1912, and February 14, 1913 in favor of A. Kegal and E. C. Taylor. On the same date he deeded the claims to Calumet & Copper Creek Mining Company, a corporation. On November 16, 1914, a judgment against the corporation was obtained and docketed by Leo Goldschmidt, which was afterwards assigned to the Consolidated National Bank of Tucson, one of the defendants herein. On November 4, 1914, Albert Steinfeld & Co. obtained a judgment against the corporation which was docketed November 6th, and on November 25th of the same year the Eagle Milling Company also obtained a judgment against the corporation, which was duly docketed December 3d.

On June 2, 1915, the Calumet & Copper Creek Company was adjudicated a ·bankrupt and on September 24th of the same year the trustees in bankruptcy deeded the property to S. H. Hudson, subject expressly to the lien of the judgments referred to, and the mortgage aforesaid. October 28, 1915, Hudson conveyed the property to the Copper State Mining Company, a corporation, subject to all the liens thereon.

On August 18, 1919, an execution was issued on the Goldschmidt judgment and the property sold to him October 25th, a sheriff's certificate of sale duly issued, and by him assigned to the Consolidated National Bank. September 30, 1919, an execution was issued on the Steinfeld judgment, the ·property sold October 25th, and the sheriff's certificate of sale issued to Steinfeld & Co.

The first note, secured by the mortgage aforesaid, was duly paid, but the others were not, and on February 3, 1913, the unpaid notes and mortgage were assigned to S. H. Hudson, for a valuable consideration. On July 1, 1914, Hudson assigned these notes and the mortgage to the Metropolitan National Bank of Minneapolis as collateral security on a loan. The bank reassigned them to him on August 14, 1916, and on January 3, 1920, he assigned them to the plaintiff herein, Van Slyke.

Suit was filed on April 23, 1920, by Van Slyke, to foreclose the mortgage; no judgment being sought on the note. On its face the mortgage was obviously barred by the statute of limitations, but plaintiff claimed the statute was tolled by certain written acknowledgments and promises to pay. The defendants raised the bar of the statute by demurrer and answer, and also claimed the mortgage was merged with the title to the property, by reason of the alleged fact that Hudson, in purchasing both mortgage

and title, did so solely as the agent and for the use and benefit of the Copper State Mining Company, or its predecessor in interest. The case was tried before Honorable O. J. BAUGHN, Judge of the superior court of Pinal county, sitting without a jury. On December 27, 1922, he rendered judgment in favor of the plaintiff and at the same time filed findings of fact and conclusions of law. On January 12, 1923, the defendants filed objections to the findings and asked for a modification thereof; but as Judge BAUGHN had retired from office January 1, 1923, no action was taken thereon. May 25, 1923, an appeal from the aforesaid judgment was taken by the Consolidated National Bank, Leo Goldschmidt, Eagle Milling Company, and Albert Steinfeld and Company, whom we will hereinafter call the defendants.

There are some fifteen assignments of error, but they raise substantially only two points: First, was there a merger of the mortgage and of the legal title to the property, in the Copper State Mining Company; second, did the evidence show a legal waiver of the statute of limitations as against the defendants' interests?

We are, of course, bound by the findings of fact of the trial court if there be any reasonable evidence to sustain them. *Blackford* v. *Neaves,* 23 Ariz. 501, 205 Pac. 587. Since it found that it was not the intention of Hudson that there should be a merger, and since during the time in which he held the legal title the mortgage had been assigned to the Metropolitan National Bank, there was no merger of the title. *Woodhurst* v. *Cramer,* 29 Wash. 40, 69 Pac. 501; *Shattuck et al.* v. *Belknap S. B.,* 63 Kan. 443, 65 Pac. 643; 27 Cyc. 1379. We must therefore take up the second question.

The mortgage was admittedly barred on its face by the statute of limitations, but plaintiff relies on

three letters which were offered in evidence, dated January 11, 1916, August 29, 1916, and December 18, 1917, as constituting such waiver. Without setting up the substance of these letters, we may state that we are of the opinion any one of them is sufficient in its language to satisfy the provisions of paragraph 726, Revised Statutes of Arizona of 1913. *Wooster* v. *Scorse,* 16 Ariz. 11, 140 Pac. 819. Nor is this seriously questioned by defendants. They object, however, to the sufficiency of the letters on two grounds: First, that they were not signed "by the party to be charged," defendants claiming that this party was the maker of the notes and mortgage, Roy Sibley; and, second, that admitting the Copper State Mining Company was the party to be charged, the letters were not signed by any person authorized so to act as to bind the company.

Answering the first proposition, it will be observed this action is not for a personal judgment on the notes as against the maker, but for the foreclosure of the lien of a mortgage. The effort is to charge the real estate alone with the debt, and, under such circumstances, the present owner of the title is certainly the one who is required to sign the acknowledgment. *Foster* v. *Bowles et al.,* 138 Cal. 346, 71 Pac. 494, 649; *Cotcher* v. *Barton,* 49 Cal. App. 251, 193 Pac. 169.

Two of the letters in question were signed, "Copper State Mining Company, by Martin E. Tew, President," and the other was signed, "Martin E. Tew." It is contended that the president of a corporation, and especially one like this, has no power or authority thus to bind the corporation, and further that the last letter was obviously a personal one. It will be observed that the trial court specifically found that all of the letters were authorized by the corporation. If there is any reasonable evidence in the

record tending to support that finding, we must, of course, uphold it. We are of the opinion there is abundance of such testimony, and that the provisions of paragraph 726, *supra,* were fully complied with, so far as the mortgage was concerned.

Had this action been between plaintiff, Van Slyke, and the Copper State Mining Company, alone, there is no doubt in our minds that the bar of the statute was tolled. The contention that the acknowledgment does not comply with the form required by paragraph 4093, Revised Statutes of Arizona of 1913, is not tenable, since the acknowledgment was made before the statutory period expired. *S. P. Company* v. *Prosser,* 122 Cal. 413, 52 Pac. 836, 55 Pac. 145.

This brings us to the most important point in the case: Was the acknowledgment and the waiver of the statute effective, as against the rights of defendants? The question may be stated in the abstract thus:

"When A. gives a mortgage to B. and thereafter, and before the running of the statute of limitations, junior liens attach to the lands, does an acknowledgment made by C., a subsequent grantee, before the statute has run, toll the statute as to the junior lienholders?"

There is an irreconcilable conflict in the authorities on this point, due, apparently, to a difference of opinion as to the relative importance of two principles which are both equitable, but in conflict with each other. The first principle may be stated thus:

"A junior lienholder, when he acquires his lien, is entitled to assume the rights outstanding against him at the time will not be increased or enlarged without his consent, and a subsequent waiver of the statute of limitations as to the senior lien constitutes such enlargement."

This principle has been adopted as a paramount consideration by the Supreme Courts of California,

Washington, Utah and possibly one or two others, and the decisions of these courts have been uniformly consistent therewith. *Wood* v. *Goodfellow,* 43 Cal. 188; *Raymond* v. *Bales,* 26 Wash. 493, 67 Pac. 269; *Boucofski* v. *Jacobsen,* 36 Utah, 165, 26 L. R. A. (N. S.) 898, 104 Pac. 117.

The other principle is:

"If a junior lienholder had notice, actual or constructive, of a valid and enforceable prior lien, at the time he acquired his rights, he took the latter subject to a possible extension of the time of payment, and cannot complain thereof, as it is only an incident of the lien."

To this effect are the decisions of the Supreme Courts of Iowa, Nebraska, Vermont, Texas, Mississippi and Minnesota. *Kerndt & Bros.* v. *Porterfield,* 56 Iowa, 412, 9 N. W. 323; *McLaughlin* v. *Senne,* 78 Neb. 631, 111 N. W. 377; *Hollister* v. *York,* 59 Vt. 1, 9 Atl. 2; *Johnson et al.* v. *Lasker R. E. Assn.,* 2 Tex. Civ. App. 494, 21 S. W. 961; *Bowmar* v. *Peine et al.,* 64 Miss. 99, 8 South. 166; *Whittacre* v. *Fuller,* 5 Minn. (Gil. 401), 508.

While in a number of the cases cited other points were involved, such as the tolling of the statute being done by payment, instead of written acknowledgment, the acknowledgment being of the debt instead of the mortgage, the absence of the mortgagor from the state, and similar questions, yet the two general principles set forth above are, either the one or the other, distinctly and fully stated.

The question is one of first impression with us, and we are therefore at full liberty to follow the rule which seems best sustained by reason. After careful deliberation, we have concluded to adopt the second rule as being most in consonance with equity and justice, for two reasons: First, because while the statute of limitations is a legitimate defense, it is

not one of right, but of repose, and is not to be extended beyond its plain terms; and, second, because in our opinion the waiver of the statute of limitations in favor of a prior lien, made before the statute has run, does not impose an inequitable burden on a junior lienholder who acquired his lien, with that prior lien, to his knowledge, actual or constructive, still enforceable.

The contrary doctrine would in many cases work a real hardship on debtors, by compelling the prior lienholder to proceed with a strict foreclosure, when he was willing to grant an extension of time, while under our ruling the junior lienholder may easily, at any time, by proper proceedings, protect all of the rights he had at the accrual of his lien.

We do not think it is necessary to discuss the other questions suggested by appellants. Holding as we do that there was no merger of the mortgage and legal title, that there was a legal waiver of the statute of limitations made by the proper party, before the statute had run against the mortgage, and that such waiver was effective as to the defendants, the judgment of the lower court is affirmed.

McALISTER, C. J., and ROSS, J., concur.