[No. 19106. Department One. April 23, 1925.]

AUGUSTINE LIEBL, *Respondent,* v. ANNA A. SCHAEFFER
*et al., Defendants,* W.. G. BOLAND *et al., Appellants.*[1]

LIMITATION OF ACTIONS (78)—MORTGAGES (113)—PAYMENTS BY
GRANTEES—FORECLOSURE—SUSPENSION OF STATUTE. The statute of
limitations barring an action to foreclose a mortgage is tolled by
payment upon the mortgage debt by an assignee while he was hold-
ing the legal title to the land, and such payment operates to sus-
pend the running of the statute both as to the assignee and his sub-
sequent grantees.

ESTOPPEL (63)—PLEADING—SUFFICIENCY. An estoppel is suf-
ficiently pleaded by setting up the facts upon which the same is
based.

Appeal from a judgment of the superior court for
Yakima county, Nichoson, J., entered June 16, 1924,
upon findings in favor of the plaintiffs, in an action
to foreclose a mortgage, tried to the court. Affirmed.

*Rigg & Venables* and *Nat U. Brown,* for appellants.

*Thos. H. Wilson* and *Grady & Velikanje,* for respond-
ent.

MAIN, J.—This action was brought for the purpose
of foreclosing a real estate mortgage. The defense was
the statute of limitations. The trial court sustained the
right of foreclosure, and the defendants W. G. Boland
and wife appeal.

The facts essential to be stated are these. On Octo-
ber 11, 1912, Fred Schaeffer and wife were the owners
of certain real estate in Yakima county, and on that
date executed a mortgage upon the same to secure the
payment of a $4,000 promissory note. On December
12, 1918, the note and mortgage were transferred to
the respondent in this case. On February 19, 1915,

[1]Reported in 235 Pac. 26.

the property covered by the mortgage was sold and conveyed to P. J. Buwalda, and in the deed it was recited that it was "subject to three certain mortgages." On June 15, 1919, Buwalda and wife transferred the property to Carl O. Kittilsen and wife. On June 17, 1919, Kittilsen and wife transferred it to F. D. Fitts. On October 27, 1921, Fitts and wife transferred it to the appellants, W. G. Boland and wife. During the time that the title to the property was in Buwalda, he made payments of interest on August 15, 1916, March 15, 1917, September 15, 1917, and January 11, 1918. On January 24, 1920, interest was paid by Fitts, in whom the legal title to the property then was. The present action was begun in the year 1924. After the appellants acquired title to the property, they made no payment of interest or principal.

If the payments made by the appellants' predecessors in ownership operate to toll the statute of limitations as against them, the action was brought within the time limited by law. If the payments made by the predecessors did not toll the statute of limitations as to the appellants, the action was not brought within time. It is not sought in this action to recover a personal judgment either upon the note or by virtue of the mortgage. The sole purpose of the action is to subject the property covered by the mortgage to its payment. The question, as already indicated, is whether the payment of interest on the mortgage by the subsequent grantees from the mortgagors or those who took title from them operates to toll the statute of limitations as to the owners of the legal title at the time the action was begun, these owners not having made any payment of interest. The real estate covered by the mortgage was primarily a fund out of which it should be paid, and the payment of interest by a person who then owns the legal title is a recognition on

his part that the land is subject to the mortgage. *Mc-Lane v. Allison,* 60 Kan. 441, 56 Pac. 747; *Phifer v. Abbott,* 73 Fla. 402, 74 South. 488; *McLaughlin v. Senne,* 78 Neb. 631, 111 N. W. 377; *Hollister v. York,* 59 Vt. 1, 9 Atl. 2; *Medina v. Phelps,* 39 Colo. 92, 88 Pac. 848; *Fitzgerald v. Flanagan,* 155 Iowa 217, 135 N. W. 738. In the case last cited it was said:

"As the grantee who holds the legal title is the only necessary party, the universal holding is that he is in such privity to the original mortgagor that he may plead the bar of the statute. . . . If such grantee were a mere stranger, he could not plead the statute, as the right to so plead is generally regarded as a personal privilege. . . . Having this right, it is optional with the grantee whether or not he will interpose such a plea, and it is not for his grantor to complain. If he has the right to interpose the plea, it logically follows that he should be allowed to waive the statute, which is one of repose in his behalf, and we think that a grantee from a mortgagor of real estate, the mortgage being of record and a prior lien upon the land, may waive the statute of limitations after action brought or revive the cause of action before suit is commenced, as provided in section 3456 of the Code. Indeed, this seems to have been the holding of all courts where the question has arisen, no matter what their view as to the effect of the statute in general."

In Jones on Mortgages, vol. 2 (7th ed.), p. 846, it is said:

"A payment by a purchaser from the mortgagor is a binding admission that the land is subject to the mortgage and operates to suspend the running of the statute of limitations against a foreclosure of the mortgage."

The grantee who makes payment of interest not only tolls the statute as to himself but as to his subsequent grantees. *Heyer v. Pruyn,* 7 Paige (N. Y.) 465; *Murray v. Emery,* 187 Ill. 408, 58 N. E. 327; *Foster v.*

*Bowles,* 138 Cal. 346, 71 Pac. 494; *Curtis v. Holee,* 184 Cal. 726, 195 Pac. 395, 18 A. L. R. 1024. In the case last cited it was said:

"As previously stated, it is admitted that Haymond did not agree to pay the note and mortgage and never became personally liable thereon, but, since the mortgage was on record at the time of the conveyance of the property to Haymond, the property itself continued subject to the lien of the mortgage after it was acquired by him. While, under such circumstances, the grantee is not personally liable for the debt, nevertheless, in view of the fact that our laws render the land primarily liable for the payment of a mortgage debt . . . the grantee of land subject to a mortgage, as long as he is the owner of the thing which is the fundamental source of satisfaction of the debt, is, to a limited extent, charged with the debt and interested in its payment. For this reason the grantee of the mortgagor who takes subject to a mortgage is not such a stranger to the mortgage or the mortgage debt that he cannot, while he is the owner of the mortgaged property, extend and continue the same as against himself and his successors in interest."

So far as we are advised, there is but one case out of harmony with the authorities above cited, and that is *Frase v. Lee,* 152 Mo. App. 562, 134 S. W. 10, a decision by the court of appeals of Missouri. The question is there not given much consideration and the holding is out of harmony with what otherwise appears to be the universal authority.

In the case of *Pratt v. Pratt,* 121 Wash. 298, 209 Pac. 535, the question here presented was not involved. What is said in that case must be read in the light of the facts there stated, which are entirely different from the facts now before us in the present case.

A number of other questions are discussed in the briefs, but it does not seem to us necessary to review these in detail. The objections to the findings of the trial court are not well taken. The case rested upon

the evidence offered by the respondents, as the appellants offered no testimony. The findings are justified by the evidence.

It is also said that the complaint was defective in that it did not plead estoppel. It pleaded the facts which, if sustained by the evidence, entitle the respondents to foreclose the mortgage under the authorities above cited. This was sufficient.

We have given consideration to the other objections, but we think in none of them is there substantial merit.

The judgment will be affirmed.

TOLMAN, C. J., PARKER, BRIDGES, and ASKREN, JJ., concur.