(No. 5833. September 17, 1932.)

HOLLAND BANK, a Corporation, Respondent, v. HULDA
M. BROCKMAN, HULDA M. BROCKMAN, as Administratrix of the Estate of WALTER S. BROCKMAN, Deceased, et al., Appellants.

[14 Pac. (2d) 621.]

J. H. Forney and Guy W. Wolfe, for Appellants.

Cox, Martin & Ware, for Respondent.

LEE, C. J.—On October 27, 1917, Walter S. Brockman and wife, Hulda, defendant and appellant, executed their promissory note in the sum of $10,000, payable October 27, 1922, to plaintiff and respondent, Holland Bank, and secured the same by a mortgage on certain community real property situated in Idaho county. Brockman died intestate on August 4, 1918, having fully paid all interest as it accrued. One, Dyer, qualified as administrator and paid

the interest for the years 1919 and 1920. Succeeding him, as administratrix, Hulda Brockman regularly paid the annual interest to October 27, 1926. Respondent brought suit to foreclose October 21, 1930, waiving all recourse against the estate. In defense, appellant set up the five-year statute of limitations (C. S., sec. 6609). Trial by the court resulted in a judgment for respondent. Mrs. Brockman has appealed, as administratrix and individually.

The several errors assigned may be reduced to the one contention that the payments of interest by the administratrix were made without authority and could not toll the statute under the provisions of C. S., sec. 6631, as amended by the 1923 Sess. Laws, chap. 49, p. 57. To sustain such proposition, appellant cites the rule announced in *Dern v. Olson,* 18 Ida. 358, Ann. Cas. 1912A, 1, 110 Pac. 164, L. R. A. 1915B, 1016, to the general effect that an administrator of the estate of a deceased person has no power or authority to waive the bar of the statute of limitations or "extend the time that the statute may run against a debt which was not barred at the time of the death of the decedent."

The facts in *Dern v. Olson, supra,* were vastly different from those in the case at bar. In that case, there were divers heirs and creditors interested in the estate, claiming that their respective interests were being prejudiced by the unauthorized, new promise given a creditor by the administrator. Here, the administratrix is the exclusive owner of the entire estate, respondent being the only apparent creditor. And while it is true that, although one and the same person, Hulda Brockman, the individual, was in contemplation of law distinguished from Hulda Brockman, the official whose duty it was to administer the estate according to law and who would have been without authority to favor one creditor's claim to the detriment of another's, manifestly, there is no one who can charge injury and demand relief therefor. In the absence of creditors, where the personal representative is the sole owner and beneficiary of the estate, such representative can handle the estate as he pleases, for

only to himself is he accountable, there being no one to say him Nay! *Vide* the cogent reasoning of *Smith v. Pattie,* 81 Va. 654, 664, and the announcements of *Sumter v. Morse,* 2 S. C. Eq. (2 Hill) 87, 93, and *Suhre v. Benton,* (Tex. Civ. App.) 25 S. W. 822.

Having received a benefit, the instant creditor does not complain. Nor can Hulda Brockman, the individual, take refuge behind the skirts of Hulda Brockman, the administratrix. As individual, she was joint beneficiary of the community debt, participating in the disposition of its fruits. By the payment of interest, she invited and enjoyed respondent's indulgence, knowingly lulling it into a sense of security. As administratrix, she can suffer no injury; as individual, she stands to lose only that for which the community had already received full value.

Furthermore, she had signed the mortgage contract. Recourse against the remainder of the estate having been waived, this is purely an action *in rem,* in nowise involving Mrs. Brockman's personal liability. At the time she made the interest payments, she was the sole owner of the mortgaged *res* and the equity of redemption and, as such, was in contemplation of the statute "the party to be charged": payment of interest by her was such an acknowledgment as tolled the statute against foreclosure. (*Consolidated National Bank, etc., v. Van Slyke,* 27 Ariz. 501, 38 A. L. R. 825, 234 Pac. 553; *Cotcher v. Barton,* 49 Cal. App. 251, 193 Pac. 169.) True it is that, at the time of the 1921 and 1922 payments, C. S., sec. 6631, provided that the statute could be tolled only by a new promise in writing. However, by chap. 49, p. 57, Laws of 1923, this section was amended, making any payment of principal or interest equivalent to a new promise in writing. Remedial in its nature, the amended statute was retroactive. (23 Cal. Jur. 632, par. 28; *Vollmer Clearwater Co. v. Hines,* 49 Ida. 563, 568, 290 Pac. 397.)

When the action is *in rem,* payments upon a mortgage debt by the owner of the equity of redemption operate to keep the mortgage lien alive as against the statute

of limitations, although a right of action on the debt may be barred as against the original debtor. (37 C. J. 1165, par. 644, note 80; *McLaughlin v. Senne,* 78 Neb. 631, 111 N. W. 377.) This rule is illuminatingly set forth in an exhaustive opinion by the Washington court in *Liebl v. Schaeffer,* 134 Wash. 168, 235 Pac. 26, cited with approval in *Turner v. Powell,* 85 Mont. 241, 278 Pac. 512: it has been indirectly recognized by this court in *Dighton v. First Exchange National Bank,* 33 Ida. 273, 192 Pac. 832.

Judgment affirmed; costs to respondent.

Budge, Givens, Varian and Leeper, JJ., concur.