## DAWSON v. TAYLOR.

(Court of Appeals of District of Columbia. Submitted February 9, 1925. Decided March 2, 1925.)

No. 4146.

**1. Limitation of actions ⬅145(2)—Provision in will for payment of mortgage held recognition of debt, tolling statute of limitations.**

Devise of realty in equal shares, devisees "first satisfying a mortgage of $1,000 held by" one of them, *held* recognition of debt to such devisee, tolling statute of limitations, despite subsequent provision for payment of all "just claims allowed by law."

**2. Wills ⬅781—Mortgagee, also devisee of property, held not required to elect between rights under mortgage and under will.**

Mortgagee of realty, who was made joint devisee thereof, with provision requiring devisees to satisfy mortgage, *held* not required to elect between her mortgage claim and devise, on theory that insistence on mortgage claim would be inconsistent with provisions and conditions of will relating to control and disposition of property, where such provisions were obviously made subject to mortgage lien.

**3. Mortgages ⬅342—Mortgagee held entitled to appointment of trustees to replace others named in deed of trust and since deceased.**

Mortgagee *held* entitled, under Code, § 534, to appointment of trustees to replace others named in deed of trust and since deceased.

Appeal from Supreme Court of District of Columbia.

Suit by Clara D. Taylor against William B. Dawson. Decree for plaintiff, and defendant appeals. Affirmed.

B. S. Minor, H. P. Gatley, and H. B. Rowland, all of Washington, D. C., for appellant.

H. E. Davis, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

MARTIN, Chief Justice. This is an appeal from a decree of the Supreme Court of the District sustaining a bill in equity brought by Clara D. Taylor for the correction of a clerical error in a certain deed of trust and the appointment of trustees under the deed to replace others since deceased.

On June 9, 1896, Margaret Boyd Dawson, mother of both the appellant and appellee, executed and delivered to the appellee a promissory note for the sum of $1,000, payable 12 months after date, with interest. To secure the payment of the note, Mrs. Dawson at the same time delivered a deed of trust in the usual terms to Thorne and Smith, as trustees, for certain real estate situate within the city of Washington. A clerical error occurred in the description of the premises as written in the deed, but that fact is only incidentally involved in the present case, and accordingly no further mention need be made of it, nor of that part of the decree below relating to it.

On September 6, 1913, the note being wholly unpaid, Mrs. Dawson made a will in due form, containing the following provision in relation to the property covered by the deed of trust, to wit:

"First, I devise to my heirs, Clara D. Taylor and William B. Dawson, to them and their heirs and assigns forever, the premises at 807 Ninth street, N. W., being situate thereon one frame house, first satisfying a mortgage of $1,000.00 held by Clara D. Taylor, then share and share alike, the same not to be sold without the full consent of both parties. * * * "

The will furthermore provided that said William B. Dawson should be permitted to occupy the premises as long as he desired, provided he paid a monthly rental to said Clara D. Taylor or heir of $30 per month. It also contained provisions for the control and management of the property under various circumstances which might arise. It directed that, in case of the death of said Clara D. Taylor, the latter's daughter, Nellie Boyd Taylor, should inherit her mother's share in the property, and that thereafter it could be sold only with the consent of both Nellie Boyd Taylor and William B. Dawson. In event of such a sale, "all just claims to be settled out of the proceeds of the sale, and the remainder of the moneys received

from the sale thereof to be divided equally, share and share alike, between Nellie Boyd Taylor, or heirs, and William B. Dawson, or heirs." In case of the death of said William B. Dawson the property was to be sold and "all moneys received therefrom after settlement of all just claims allowed by law shall be equally divided, share and share alike, between Clara D. Taylor, or heirs, and the heirs of William B. Dawson."

On July 7, 1921, Mrs. Dawson died, leaving the note unpaid, and her will was duly admitted to record in the District. By this time the trustees, Thorne and Smith, were also deceased. On March 26, 1923, Mrs. Taylor brought the present case under section 534, D. C. Code, against her codevisee as defendant, setting out the facts above stated, and praying for the appointment of trustees to take the place of the deceased trustees, in order that the substitute trustees might sell the property under the deed of trust as for default in the payment of the note. The defendant answered, averring that plaintiff's alleged claim was barred by the statute of limitations and foreclosed by laches; furthermore, that plaintiff was estopped from setting up such a claim, for the reason that it was inconsistent with her action in taking as a devisee under the terms of the will; and that for the court to grant the relief demanded by plaintiff would aid her to defeat the terms, provisions, and conditions of the will relating to the control and disposition of the property, while at the same time claiming as a devisee under the will.

The lower court found in favor of the plaintiff, and granted the prayer of the bill. Accordingly new trustees were appointed to execute the trusts of the deed of trust, and were invested with all of the powers which were conveyed thereby to the deceased trustees. The defendant appealed.

[1] We think that the claim of the plaintiff was not barred by the statute of limitations, nor foreclosed by laches. It is true that so far as appears it would have been thus barred, except for the tolling of the statute by the will of Mrs. Dawson. The will however specifically provided that the real estate in question should go to the appellant and appellee in equal shares; they "first satisfying a mortgage of $1,000 held by Clara D. Taylor." This was a clear recognition of a debt and also an unmistakable provision that it should be a lien upon the devised property and be paid by the devisees. The subsequent provisions of the will, relating in general terms to the payment of all

"just claims allowed by law," are in no wise inconsistent with the specific recognition of the mortgage of Mrs. Taylor in the first clause of the will. We conclude, therefore, that the toll of the statute of limitations by the will defeats the defense of the statute and of laches. 25 Cyc. 1346; Gofton v. Mill, 2 Vern. 141; Williamson v. Naylor, 3 Young & Col. Eq. 208; Philips v. Philips, 3 Hare 281, 290–293; Clinton v. Brophy, 10 Irish Eq. 139, 143; Perkins v. Siegfried, 97 Va. 444, 34 S. Ct. 64; Stewart v. McFarland, 84 Iowa, 55, 57, 50 N. W. 221.

[2] Nor do we find that the appellee was put to any election between her mortgage claim and the devise made to her by the will, for these rights are not inconsistent with one another, and according to the terms of the will the appellee was entitled to both. Furthermore the relief sought by the appellee would not, if granted, result in defeating the provisions of the will relative to the occupancy of the premises by William B, Dawson, or the disposition thereof according to the certain circumstances named in the will. It was manifestly intended by the testatrix that these dispositions should all be subject to the lien of the appellee's mortgage; otherwise, the plain provision that the devise was made to the devisees, "first satisfying a mortgage of $1,000 held by Clara D. Taylor," would be denied any force or effect as part of the will.

The appellant's counsel have argued the question whether, in case the court holds the mortgage debt to be enforceable, it would allow interest upon it for the entire period elapsed since the date of its execution. That question, however, is not involved in the present issue, for this proceeding is designed merely to put the appellee in the same situation with respect to the enforcement of the deed of trust which she would have been in, were the trustees therein named still living. Accordingly the relief granted to the appellee by the lower court, omitting the clerical reformation of the deed, consisted of no more than the appointment of new trustees, who were invested with the same powers as were possessed by their predecessors under the deed of trust. It is true that this necessarily implied that the appellee was a creditor, whose debt was secured by the deed of trust and was unpaid, but the court entered no finding or decree as to the amount of the debt. The relief granted to the appellee below did not depend in any manner upon the exact amount due to her upon her claim; hence we make no finding and express no opinion upon the subject of interest, nor is that subject adjudicated in this case.

[3] The appellee, however, has brought herself within the provisions of section 534, Code, D. C., and accordingly the decree of the lower court is affirmed, with costs.