## TAYLOR et al. v. DRURY.

(Court of Appeals of District of Columbia.
Submitted March 4, 1926. Decided
April 5, 1926.)

No. 4371.

Wills ⬅=>714—Will providing for payment of "mortgage of $1,000," long barred by limitations, held to intend payment of interest, not to maturity, but to date of payment (Code, § 1265).

Where maker of note for $1,000 secured by trust deed, enforcement of which was barred by Code, § 1265, devised property covered by trust deed, and provided that "a mortgage of $1,000 held by" payee of note should be first satisfied, *held*, words "mortgage of $1,000" were used by way of designation, not of limitation, and payee was entitled to interest, not only to time of maturity of note, but to time of payment.

Appeal from Supreme Court of District of Columbia.

Suit by Arthur P. Drury, trustee, against Clara D. Taylor and another, for construction of will and instructions concerning duties to be discharged. From the decree rendered, defendants appeal. Reversed and remanded.

H. E. Davis, of Washington, D. C., for appellants.

A. P. Drury, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, VAN ORSDEL, Associate Justice, and BARBER, Judge of the United States Court of Customs Appeals.

MARTIN, Chief Justice. This is an appeal from a decree of the lower court construing an item in the last will of Margaret Boyd Dawson, deceased.

It appears that on June 9, 1896, Mrs. Dawson executed and delivered her promissory note to her daughter, Clara D. Taylor. payable in the sum of $1,000, 12 months after date, with interest. In order to secure the payment of the note, Mrs. Dawson conveyed certain real estate, situate within the District of Columbia, to certain trustees in trust, to sell the property and apply the proceeds to the payment of the note in case of default. Mrs. Dawson never paid the note, nor any part thereof; nor did the trustees take any action under the deed of trust. The trustees named in the deed died before the decease of Mrs. Dawson, but no successors were appointed during her lifetime to execute the trust.

On September 6, 1913, Mrs. Dawson duly prepared and executed a written instrument as and for her last will and testament in case of her decease. On July 13, 1921, she departed this life, and the instrument as theretofore written was regularly admitted to record as her last will. The first item of the will contains a devise of the real estate described in the trust deed, and a provision concerning the note held by Clara D. Taylor, reading in part as follows, to wit:

"First. I devise to my heirs, Clara D. Taylor and William B. Dawson, to them and their heirs and assigns forever, the premises at 807 Ninth street, N. W., being situate thereon one frame house, first satisfying a mortgage of $1,000.00 held by Clara D. Taylor, then share and share alike, the same not to be sold without the full consent of both parties."

After the will was admitted to record, a suit was brought by Clara D. Taylor in the Supreme Court of the District of Columbia, for the appointment of trustees under section 534, D. C. Code, to act as successors of those named in the deed of trust. The lower court thereupon appointed Arthur P. Drury and Joseph Y. Reeves as such trustees, and that order was affirmed by this court upon appeal. Dawson v. Taylor, 55 App. D. C. 237, 4 F.(2d) 430.

Thereupon the present appellee, Arthur P. Drury, one of the trustees so appointed, filed a bill in the lower court, setting out the foregoing facts and praying to be instructed concerning the duties to be discharged by the trustees, particularly for a construction of the will with relation to the amount of interest, if any, payable to Clara D. Taylor upon the mortgage named in the first item aforesaid. In answer to this prayer the lower court construed the will, and decreed that interest was payable upon the mortgage debt at the rate of 6 per cent. per annum from the date of the note to the date of its maturity, to wit, for the period of one year, and no more, and the trustees were instructed accordingly. From that decision the present appeal was taken.

We think that the ruling of the lower court was erroneous. It may be noted that on September 6, 1913, the day upon which the will was written, the promissory note secured by the deed of trust (or mortgage) was long overdue, and its collection at law was barred by the statute of limitations. D. C. Code, § 1265. It must be assumed that, when Mrs. Dawson then signed the instrument, she knew that the note could not be en-

forced at law against her, and that it was within her control to omit reference to it in her will, or to provide for the payment of it in whole or in part, upon any terms or limitations which she desired. Nevertheless she simply provided that the "mortgage of $1,-000.00 held by Clara D. Taylor" should be satisfied. This language naturally signifies that the mortgage should be paid in full, and not in part only. The mention of it as a "mortgage of $1,000.00" was by way of designation, and not of limitation. The mortgage debt included, not only the principal and stipulated interest until maturity, but also the legal interest accruing upon the principal up to the time of payment. It may fairly be assumed that, had the testatrix intended that the debt should be paid subject to any exceptions or limitations, she would have expressed that purpose in appropriate terms. The will, therefore, not only requires the payment of the principal of the mortgage debt, but also the interest lawfully accruing upon it.

We therefore hold that the trustees should be instructed that, in case of a sale of the property by them in the execution of the trust, they shall apply the proceeds to the payment of the principal of the mortgage debt, to wit, the sum of $1,000, together with interest thereon at 6 per cent. per annum from the date of the note until the time of its payment.

The decree of the lower court is reversed, and the cause is remanded for further proceedings in accordance herewith. It is ordered that the costs be paid by the trustees from the assets of the trust.